RUSSELL v. KOENNECKE.   (No. 5887.)

(Court of Civil Appeals of Texas.   San Antonio. Oct. 17, 1917.)

1. PLEADING ⟐⟐245(7) — TRIAL AMENDMENTS —TIME FOR FILING.

District and county court rule 27 (142 S. W. xix), provide that trial amendments are filed during trial and not after final judgment, and a trial amendment, filed after the cause had been dismissed, without the knowledge or consent of the court, would not aid the original petition.

2. PLEADING ⟐⟐34(3)—GENERAL DEMURRER— DESIGNATION OF PARTIES—PRESUMPTION.

Although the style of the case did not designate the parties as plaintiff and defendant, and the petition referred to them only as plaintiff and defendant, it may, on general demurrer, be presumed from the style that the party first named is plaintiff and the other, defendant.

3. PARTITION ⟐⟐55(3) — PLEADING — DEMURRER.

Where from one paragraph it appeared that plaintiff sought partition of one-half of 150 acres, and in the other he alleged that he and defendant were equal owners of 88 acres of this land, it could be inferred that plaintiff is claiming to his own right 62 acres, and that he desired to partition only 88 acres, and the petition was sufficient against a general demurrer.

4. PLEADING ⟐⟐34(3)—SUFFICIENCY OF GENERAL DEMURRER.

In considering the sufficiency of a petition when assailed by general demurrer, every reasonable intendment must be indulged in in favor of the pleading.

5. PARTITION ⟐⟐55(3)—DESCRIPTION OF LAND —SUFFICIENCY ON GENERAL DEMURRER.

Although the description of the land in petition for partition was indefinite, the petition would not be subject to general demurrer where the description could be rendered certain.

6. PARTITION ⟐⟐55(1) — PETITION — SUFFICIENCY.

In a suit for partition, it was not necessary to allege that the land was incapable of division, in view of Rev. St. art. 6101, making it the duty of the court to determine same before entering the decree.

Error from District Court, Gillespie County; N. T. Stubbs, Judge.

Partition suit by A. E. Russell against Albert Koennecke. A general demurrer was sustained to plaintiff's petition, and he brings error. Reversed and remanded.

James Raley, of San Antonio, for plaintiff in error. A. W. Moursund, of Fredericksburg, for defendant in error.

FLY, C. J. Plaintiff in error sought a partition of 150 acres of land, "more or less out of survey 27 in the name of Matilda Rivers" in Gillespie county. A general demurrer to the petition was sustained, and, as recited in the judgment, "plaintiff refusing to amend, it was further ordered and adjudged that this case be and is dismissed." No notice of appeal from the judgment was given by plaintiff. On the day after the judgment was rendered, plaintiff filed a paper denominated "Trial Amendment." The record fails to show that the pleading was filed by leave of the court or was ever brought to its notice, and plaintiff filed another paper as follows:

"Pl'ff, having filed a trial amendment, refuses to further amend and the cause is dismissed, to which Pl'ff excepts and gives notice of appeal on the ground that the petition is a good one and the demurrer was not called to the attention of the court at the first term when the business of the court did not interfere."

The court granted leave, on the day the judgment was rendered, to plaintiff to file a supplemental petition, which was done. The supplemental petition merely contained denials of allegations in the answer.

This is the second time this cause has been before this court. There was an attempt to give this court jurisdiction by appeal, but, no notice of appeal having been given, the cause was dismissed. Russell v. Koennecke, 190 S. W. 253.

[1] The sufficiency of the original petition must be tested by its allegations alone, and cannot be aided by the allegations of the paper filed after the cause had been dismissed and styled "Trial Amendment." It was filed without the knowledge or consent of the court, and trial amendments are filed during a trial and not after final judgment. Rule 27 (142 S. W. xix) District and County Court.

[2] The petition is meager and quite unsatisfactory. The style of the case does not designate the parties as plaintiff and defendant, and yet in the petition the names of the parties are not given, but they are referred to as "Pl'ff" and defendant. However, from the style of the case it may be presumed, as against a general demurrer, that the party first named is the plaintiff and the other party the defendant.

[3] The land is described as "land on the north side of the Pedernales river in Gillespie county, Tex., to wit, 150 acres more or less out of survey 27 in the name of Matilda Rivers. This land being all inclosed with a wire fence and being all the land in the survey owned by Silas Russell at the time of his death and known as Silas Russell's farm and pasture. This is the same land deeded to defendant by Malinda Russell by deed dated Oct. 16, 1909, and recorded in 'Deed Book 14 page 597 deed records of Gillespie." It would appear from that allegation that plaintiff was seeking to partition one-half of 150 acres of land, but in another paragraph it is stated:

"Pl'ff says that he and defendant are equal owners of 88 acres of this land which Silas Russell bought of W. Oehler Aug. 22, 1881, conveyed by deed recorded in Deed Book P, page 304, and the balance of the farm and pasture being 62 acres belong to the plaintiff in fee simple."

It may be inferred from these allegations that plaintiff is claiming to own in his own

---

right 62 acres of the 150 acres of land, and that he desires to have partition of only 88 acres of the land which was sold by Oehler to Silas Russell. Under the petition the court could have partitioned only the 88 acres of land, because it is described so as to segregate it from the larger tract. If plaintiff sought to partition 150 acres, as might appear from the first paragraph of the petition, and then in a succeeding paragraph sought to partition only 88 acres, there might be such evident conflict as to destroy the cause of action, but if, as may be presumed, he merely desired in the first paragraph to state that there were 150 acres in the whole tract, and in the second sought to set out the respective shares of the parties in the tract, the petition will not be considered subject to general demurrer.

[4] In considering the sufficiency of a petition when assailed by a general demurrer, every reasonable intendment must be indulged in favor of the pleading, and it is only under the favor of that gracious rule that the petition can be sustained in this case as it was attacked by general demurrer alone.

[5] The description of the land, while indefinite and not such as is contemplated in partition suits, is one that can be rendered certain, and would not be open to attack through a general demurrer.

[6] It was not necessary to allege that the land was incapable of division, for that is a matter which could and should be determined by the court, independent of any pleadings on the subject. Article 6101, Rev. Stats.; Oliver v. Oliver (Tex. Civ. App.) 181 S. W. 705; Gorman v. Campbell (Tex. Civ. App.) 135 S. W. 177.

The court erred in sustaining the general demurrer, and the judgment is reversed, and the cause remanded.