INTERCITY INVESTMENTS
CO., Appellant,

v.

Chester PLOWMAN d/b/a A-Better
Striping Company, Appellee.

No. 17751.

Court of Civil Appeals of Texas,
Forth Worth.

Oct. 8, 1976.

Johnson, Bromberg, Leeds & Riggs, and Richard L. Jackson, Dallas, for appellant.

Bagby, McGahey, Ross & Devore, Inc., and Terry B. Arnn, Arlington, for appellee.

OPINION

SPURLOCK, Justice.

This is an appeal from a judgment and award of attorney's fees against two individuals and a limited partnership and its general partner in a suit on a sworn account. The appeal rests primarily on the grounds (1) that there is no evidence that the entity is in fact a limited partnership and no cause of action was proved against it, (2) that the limited partnership was not a party to the suit, and (3) that the judgment against the individuals was not properly based on a quantum meruit theory because the evidence reflects the existence of an express contract between plaintiff and the limited partnership.

A-Better Striping Company, a sole proprietorship owned by Chester Plowman, by his first amended original petition sued Intercity Investments Company, a Texas corporation, Leo F. Corrigan, Jr., and Edwin B. Jordan, d/b/a Ector Square Apartments, upon a sworn account for materials and services furnished for the repair of an asphalt paved area at the Ector Square Apartments complex.

The defendant, "Intercity Investments Company, a Texas corporation," answered, stating under oath that it was not doing business under an assumed name or trade name as alleged, together with denials of the account.

By supplemental pleadings plaintiff alleged that Leo F. Corrigan, Jr., and Edwin B. Jordan are a partnership, doing business as Intercity Investments, which operates and manages the Ector Square Apartments. Ector Square Apartments is owned by Leo F. Corrigan, Jr., and Edwin B. Jordan. Plaintiff also alleged that Jim Bush is the manager of Ector Square Apartments with express or implied authority to contract for same and that he requested the plaintiff to perform the repair work. It is further alleged that Jim Bush was employed by In-

tercity Investments to manage these apartments for the owners; and that Leo F. Corrigan, Jr., Edwin B. Jordan, and Joe B. Turner, Jr., under the name of Intercity Investments, are the agents for the owners of Ector Square Apartments, Edwin B. Jordan and Leo F. Corrigan, Jr.

The defendants, by their first supplemental answer filed in response to plaintiff's second supplemental petition, deny (1) any additional allegations of fact set forth in plaintiff's second supplemental petition, and (2) the allegations that Corrigan and Jordan are doing business as Intercity Investments as alleged.

The judgment provides that the plaintiff recover of and from, "Edwin B. Jordan, Leo F. Corrigan, Jr., Intercity Investments *Co., a limited partnership* and Edwin B. Jordan the general partner thereof, jointly and severally, the sum of $2,165.00 together with interest at six percent (6%) from June 26, 1975 until paid, together with costs of suit. Attorneys fees in the amount of $850.00 are adjudged against Intercity Investments *Co.,* a limited partnership and Edwin B. Jordan the general partner thereof. All relief sought not granted is denied." (Emphasis supplied.)

The case was tried without the aid of a jury. No findings of fact and conclusions of law were requested or filed.

Notice of appeal was given in the following language: "COME NOW the *Defendants* in the above entitled and numbered cause . . .." (Emphasis supplied.)

Intercity Investments Company, Leo F. Corrigan, Jr., and Edwin B. Jordan are recited as being principals in the appeal bond, but only signator was "Intercity Investments Co.", and obligations stated by the bond was likewise to be that of "Intercity Investments Company". No motion to dismiss the appeal on account of defective bond was filed. It is not clear whether Intercity Investments, a partnership (against whom the judgment was decreed) is appellant, or whether it is Intercity Investments, a Texas corporation, which is appellant. Had there been presented some character of motion challenging the appeal

bond a proper procedure would be that outlined in *Owen v. Brown,* 447 S.W.2d 883 (Tex.Sup.,1969).

In any event the appeal is also presented by Leo F. Corrigan, Jr. and Edwin B. Jordan. The matter of what other appellant is before us will be discussed in the body of the opinion.

Judgment is modified and, as modified, affirmed.

Appellants, by their points of error Nos. 1 and 2, assert error of the trial court in granting judgment against Intercity Investments Company, a limited partnership, because there is no evidence that this entity is a limited partnership and no cause of action was proved against it.

By their points of error Nos. 3–6, error is alleged because the partnership was not a party to the suit; it was error to grant judgment against Edwin B. Jordan, as a general partner, because the partnership was not a party to the suit; no cause of action was alleged or proved against Jordan as an individual; and the awarding of attorney's fees was error for the same reasons.

Appellants cite no authority in support of their first 6 points of error.

■ The judgment recites: "ON THIS THE 9th day of June, 1975, came on to be heard the above entitled and numbered cause, no jury having been requested, *all parties* having announced ready . . .." (Emphasis supplied.)

The record reflects that Joe B. Turner is a general partner and the managing partner of Intercity Investments, a limited partnership. He appeared in court and testified that Intercity Investments is a limited partnership, that he and Edwin B. Jordan are general partners, and that this entity manages Ector Square Apartments, which are owned by Edwin B. Jordan and Leo F. Corrigan, Jr., a partnership. There is nothing in the record that would indicate that all the parties did not appear and announce ready. Such a recitation in the judgment is presumed to be true, especially when there

is nothing in the record to indicate that such recitation is not true. *Roberts v. Roberts*, 405 S.W.2d 211 (Tex.Civ.App., Waco, 1966, affirmed Tex., 407 S.W.2d 772).

In *Perkins v. Terrell*, 214 S.W. 551 (Tex. Civ.App., Amarillo, 1919, ref.) it was held that where the authority of plaintiff to sue for the use and benefit of a necessary party to the suit did not otherwise appear, it will be presumed, in support of judgment for plaintiff, that such party was personally present at the trial directing the suit so far as it affected his interests. See also 4 Tex. Jur.2d (Part 2) (1974 Rev.), App & Err— Civil Cases, Sec. 707, Review—Presumptions Favoring Judgment—Parties.

■ Ordinarily the function of plaintiff's supplemental petition is to contain special exceptions, general denials, and the allegations of new matter not before alleged by him, in reply to those which have been alleged by the defendant. Rule 80, T.R.C.P.

In his supplemental petition, however, plaintiff alleges that Intercity Investments is a limited partnership. This was not filed until the defendants, by their pleadings, put plaintiff on notice that he probably had no cause of action against this defendant as a corporation. Thus, his supplemental petition was filed in response to defensive pleadings.

■ If the necessity for thus adding a new party, or for pleading that a prior party is not a corporation, but is a limited partnership, grows out of the facts pled in defendant's answer, then new parties may be brought into the suit by supplemental petition. *Harris v. Cain*, 41 Tex.Civ.App. 139, 91 S.W. 866 (Tex.Civ.App., 1905, no writ hist.). See also 44 Tex.Jur.2d (1963 Ed.), Sec. 31, Bringing in New Parties—By plaintiff's amended or supplemental pleadings.

Defendants did not object to the manner in which the partnership was made a party to the suit.

■ Although plaintiff in his supplemental petition alleged that Chester Plowman was a plaintiff but did not specifically state that Intercity Investments, a partnership, was a defendant, it is presumed that the party first named is plaintiff and all others are defendants. *Russell v. Koennecke,* 197 S.W. 1111 (Tex.Civ.App., San Antonio, 1917, no writ hist.).

Pleadings are ordinarily given liberal construction in order to ascertain the intent of the pleader and should be so construed as to do substantial justice. *Hatten v. Mohr Chevrolet Company*, 366 S.W.2d 945 (Tex. Civ.App., Dallas, 1963, no writ hist.); *American Manufacturing Company of Texas v. Witter*, 343 S.W.2d 943 (Tex.Civ.App., Fort Worth, 1961, no writ hist.).

■ Jordan contends he is not liable individually. In plaintiff's first amended original petition Edwin B. Jordan is a named defendant. In the supplemental petition he is sued as an individual and in representative capacities. In response to both pleadings he filed verified answers. This constitutes an appearance. Rule 121, T.R.C.P. In 6 Tex.Jur.2d, Sec. 9 (1959 Ed.), Appearance—Filing of defensive pleadings—the rule is stated: "In this state, all defensive pleadings are styled the 'answer'; and a defendant who files any defensive pleading makes such an appearance as gives the court jurisdiction over his person as fully as would the issuance of proper citation."

■ It is undisputed that Jordan is a general partner in the limited partnership and that he was served with citation and answered. The provisions of Art. 2223, V.A.T.S., apply. This statute provides that, "Where the suit is against several partners jointly indebted upon contract, and the citation has been served upon some of such partners but not upon all, judgment may be rendered therein against such partnership and against the partners actually served, but no personal judgment or execution shall be awarded against those not served."

Article 6132a, V.A.T.S., Uniform Limited Partnership Act, Sec. 10(a), provides that a general partner in a limited partnership shall be subject to all the liabilities of a partner in a partnership without limited partners with the exceptions therein stated, none of which are here applicable.

We conclude that the trial court had jurisdiction over this defendant in all the capacities in which he was sued.

■ The defendants against whom judgment was rendered entered their appearance in all capacities when they filed their first supplemental answer. *Maytag Southwestern Co. v. Thornton*, 20 S.W.2d 383 (Tex.Civ.App., Amarillo, 1929, dism.); *White v. Zoning Board of Adjustment of Arlington*, 363 S.W.2d 955 (Tex.Civ.App., Fort Worth, 1962, ref., n.r.e.); *Stewart v. Walton Enterprises, Inc.*, 496 S.W.2d 956 (Tex.Civ.App., Austin, 1973, ref., n.r.e.).

Points of error 1–6 are overruled.

By their 7th point of error appellants assert error in the granting of judgment against Jordan and Corrigan upon a theory of quantum meruit because the proof shows an express contractual agreement was made between plaintiff and Intercity Investments, a limited partnership.

By their 8th point, error is claimed because the recovery of attorney's fees on a theory of quantum meruit is not warranted as a matter of law.

Appellants state in their brief that there was without question a contract or an agreement between the plaintiff, Chester Plowman, and Jim Bush on behalf of Intercity Investments, a limited partnership, and that therefore he cannot recover on an implied contract theory.

■ It is undisputed that Jim Bush ordered the work done. He had authority to do so. In addition thereto, Mr. Turner, a general partner in Intercity Investments authorized the work. No oral or written contract was entered into. No consideration or fixed price for doing the work was discussed. Under these circumstances the law generally implies a promise to pay a reasonable compensation therefor. 62 Tex. Jur.2d (1965 Ed.) Sec. 2, Work, Labor, and Materials—Elements of Implied Obligation—In general; Rendition of services. The agreement under which this work was done certainly was not an express contract.

There are allegations that Intercity Investments, a limited partnership, in ordering this work done was acting as an agent for the other defendants who were the owners of the apartments. The judgment, however, does not disclose whether it was based on contract or quantum meruit.

■ In the absence of findings of fact and conclusions of law, a reviewing court will presume that the trial court found every issuable fact necessary to sustain judgment, where such fact is raised by pleadings and can be supported by any reasonable theory supported by evidence and authorized by law. *Beddall v. Reader's Wholesale Distributors, Inc.*, 408 S.W.2d 237 (Tex.Civ. App., Houston, 1966 no writ hist.).

■ Whether this be a suit on an implied contract, on a quasi contract, or in the nature of quantum meruit, under the facts of this case plaintiff could recover his attorney's fees. He specifically pled Art. 2226, V.A.T.S., and the terms thereof, and that he had complied therewith. This Article provides in part that if "Any person having a valid claim against a person or corporation for . . . services rendered, labor done, material furnished, . . . or suits founded upon a sworn account or accounts . . . may also recover, in addition to his claim and costs, a reasonable amount as attorney's fees, if represented by an attorney."

These pleadings are supported by evidence in the record.

In *Ferrous Products Co., Inc. v. Gulf States Trading Co.*, 160 Tex. 399, 332 S.W.2d 310 (Tex.Sup., 1960) that court held in a similar fact situation that attorney's fees are allowable.

Points 7 and 8 are overruled.

It is clear that by the provision of the judgment that ". . . all relief sought not granted is denied", plaintiff recovered nothing against Intercity Investments Company, a Texas corporation. The judgment specifically grants judgment against Intercity Investments Co., a limited partnership, and may not be disturbed whether it is an appellant or is not. Inadvertently the abbreviation "Co." appears after the name of

the partnership. In order to clarify any ambiguity that might exist the judgment is reformed by deleting the word "Co." from each place in which it appears in the judgment.

As reformed, judgment affirmed.