In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-00-523 CV


____________________



THOMAS J. SIBLEY , Appellant



V.



SIXTH RMA PARTNERS, L.P., a/k/a RMA PARTNERS, L.P., Appellee






On Appeal from the County Court of Jefferson County at Law No. 1


Jefferson County, Texas


Trial Cause No. 75594






MEMORANDUM TO CLERK


 According to Tex. R. App. P. 47.3(d), you are directed to release the opinion dated
December 6, 2001, for publication.

 You will give notice of this memorandum to all interested parties who received a
copy of the original opinion.

 Entered this the 27th day of May 2003.

 PER CURIAM


In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-00-523 CV


____________________



THOMAS J. SIBLEY , Appellant



V.



SIXTH RMA PARTNERS, L.P., a/k/a RMA PARTNERS, L.P., Appellee






On Appeal from the County Court of Jefferson County at Law No. 1


Jefferson County, Texas


Trial Cause No. 75594






O P I N I O N


 Bringing four issues, Thomas J. Sibley appeals the trial court's judgment in favor
of Sixth RMA Partners, L.P., a/k/a RMA Partners, L.P. In 1991, Sibley, who had
executed two promissory notes in favor of First Federal Savings and Loan Association of
Beaumont ("First Federal"), sued RMA Partners, L.P. ("RMA") for a declaratory
judgment, alleging limitations and offset. RMA, who had made demand on Sibley for
payment, promptly filed its own suit against Sibley seeking recovery on the First Federal
notes, which RMA alleged that it had purchased from the Resolution Trust Corporation
("RTC") after First Federal was placed in receivership. Actually, Sixth RMA was the
purchaser. In 1996, RMA supplemented its original petition to include an "a/k/a"
designation naming "RMA Partners, L.P., a/k/a Sixth RMA Partners, L.P." as the
plaintiff. On July 6, 1999, RMA then supplemented its original petition again to state that
the correct name of the plaintiff was "Sixth RMA Partners, L.P., a/k/a RMA Partners,
L.P." In March, 2000, the declaratory judgment suit and the suit on the two notes were
consolidated. Several months later, the consolidated cause was tried to the court.

 In his first issue, Sibley maintains that the trial court erred in not finding the claims
against him barred by limitations as the wrong entity asserted Sixth RMA's claims and the
correct entity never properly entered the proceeding through an amended petition. RTC
had endorsed the notes to "Sixth RMA Partners, L.P." - not RMA Partners. The notes
matured on March 1, 1992, and were purchased from the RTC on March 12, 1993, after
Sibley defaulted around March 1, 1992. Thus, the holder and owner of Sibley's notes had
six years from the date of default to bring suit, or until March 1, 1998. See Jackson v.
Thweatt, 883 S.W.2d 171, 178 (Tex. 1994); 12 U.S.C.A. § 1821(d)(14)(A)(i)(I). Sibley
contends the statute of limitations bars Sixth RMA's claims because it was never properly
made a party. We agree.

 Under issue one, Sibley argues RMA and Sixth RMA are two legally distinct
entities. Sibley notes the Delaware certificate of limited partnership for RMA was filed
on June 7, 1991, and for Sixth RMA on March 15, 1993. Records from the Delaware
Secretary of State show the two entities had different general partners. In addition, while
Sixth RMA maintained its Delaware charter in good standing, RMA's Delaware charter
became void on December 31, 1995. Thus, when RMA filed its first supplemental petition
on July 3, 1996, stating that it was suing as "RMA Partners, L.P., a/k/a Sixth RMA
Partners, L.P.," its charter already was void. Neither party briefed the question of
whether RMA's void charter affected this cause. 

 Sixth RMA concedes that, at one time, RMA and Sixth RMA were distinct legal
entities. Testimony from employees further demonstrates that the two were not "one and
the same," as contended by RMA in its supplemental petition. Elizabeth Schaefer, the
assistant general counsel of RMA when it was still active, and the general counsel of Sixth
RMA, testified she did not know whether there was any written authorization allowing the
operation of Sixth RMA's business under any other name. She was not aware that any
assumed name certificates had ever been filed on behalf of Sixth RMA, and also stated that
Sixth RMA and RMA had separate and distinct tax identification numbers. Priscilla
Stevens, testifying as a representative of Sixth RMA Partners, stated that Sixth RMA and
RMA were separate legal entities; each had its own taxpayer identification number, and
were formed by separate partnership agreements, and that while some of the limited
partners in the two might be mutual, others were different. Further, she was not aware
of any documents giving RMA the authority to file suit on behalf of Sixth RMA.

 Still, Sixth RMA contends the distinct legal existence of the two entities does not
matter because the claims on the notes were never RMA's; instead they were always Sixth
RMA's, who argues the naming of RMA as plaintiff was a misnomer. However, when a
plaintiff's cause of action should have been brought against a separate and distinct entity
other than the one sued, there is no misnomer. Matsushita Elec. Corp. of America v.
McAllen Copy Data, Inc., 815 S.W.2d 850, 852-53 (Tex. App.--Corpus Christi 1991, writ
denied). "Rather, there is a mistake in identity, and the wrong party is under no obligation
to correct that mistake." Id. (citing Trailways, Inc. v. Clark, 794 S.W.2d 479, 489 (Tex.
App.--Corpus Christi 1990, writ denied)). Conversely then, when, as here, the entity
named as plaintiff is separate and distinct from the entity that should be named plaintiff,
there is no misnomer, but rather a mistake in identity. Sixth RMA's misnomer argument
is not persuasive.

 Further, we consider the misnomer argument within the parameters of Rule 28, as
explained in Chilkewitz v. Hyson, 22 S.W.3d 825 (Tex. 1999). "Our common-law
decisions have recognized that a misidentification arises when two separate legal entities
actually exist and a plaintiff mistakenly sues the entity with a name similar to that of the
correct entity. Misidentification is generally distinct from misnomer. Misnomer arises
when a plaintiff sues the correct entity but misnames it." Id. at 828 (citations omitted). 
In Chilkewitz, two distinct legal entities with similar names existed - (1) Morton Hyson,
M.D. in his individual capacity, and (2) his professional association, Morton Hyson,
M.D., P.A. Id. The Court, however, declined to decide whether a misidentification or
misnomer was involved "because neither of those common-law doctrines operates to the
exclusion of Rule 28 when there are facts that call Rule 28 into play." Id. Under Rule 28,
"[a]ny partnership, unincorporated association, private corporation, or individual doing
business under an assumed name may sue or be sued in its partnership, assumed or
common name for the purpose of enforcing for or against it a substantive right, but on a
motion by any party or on the court's own motion the true name may be substituted." 
Tex. R. Civ. P. 28. 

 Rule 28 allows a plaintiff to bring suit against an individual doing business under
the name of an association, partnership, or corporation, even if the association,
partnership, or corporation does not exist. Chilkewitz, 22 S.W.3d at 828-29. "Of course,
at some point before judgment, the plaintiff must amend the petition to add the correct
legal name of the actual defendant." Id. at 829 (citing Bailey v. Vanscot Concrete Co.,
894 S.W.2d 757, 760-61 (Tex. 1995)). And that - amending the petition to add the correct
legal name of the notes' holder - is what Sibley maintains was not done here. We agree.

 Sixth RMA relies on several cases in which a plaintiff was misnamed or
misidentified: (1) Pierson v. SMS Financial II, L.L.C., 959 S.W.2d 343, 347 (Tex. App.--Texarkana 1998, no pet.)(misnomer occurred where actual plaintiff [SMS II] misnamed
itself, and instead named another entity [SMS I]; amended petition naming actual plaintiff
related back to the original, and the statute did not bar the claim); (2) Astro Sign Co. v.
Sullivan, 518 S.W.2d 420, 425 (Tex. Civ. App.--Corpus Christi 1974, writ ref'd n.r.e.)
(where appellee's amended petition corrected a misnomer, it was not a new suit); (3)
Womack Machine Supply Co. of Houston v. Fannin Bank, 499 S.W.2d 917, 919 (Tex. Civ.
App.--Houston [14th Dist.] 1973), rev'd on other grounds, 504 S.W.2d 827 (Tex.
1974)(where plaintiff was allowed to file a trial amendment correcting the plaintiff's name,
its cause of action was not barred by the statute of limitations); (4) Foust v. Estate of
Walters ex rel. Walters, 21 S.W.3d 495, 501-02 (Tex. App.--San Antonio 2000, pet.
denied) (the amended petition related back to the original, timely-filed petition where the
amended cause of action naming new plaintiff was wholly based and grew out of the same
set of facts and occurrences as were alleged in two previous petitions). The common
factor in all these cases, however, is that the new plaintiff was added by an amendment. 
In contrast, the pleadings attempting to add Sixth RMA were supplemental petitions, not
amended ones.

 "The proper way to bring new parties into a suit is by an amended pleading and not
by a supplemental pleading." Hatley v. Schmidt, 471 S.W.2d 440, 442 (Tex. Civ. App.--San Antonio 1971, writ ref'd n.r.e.). An exception to this rule exists if the necessity for
adding a new party arises from facts pleaded in the defendant's answer. See Intercity
Investments Co. v. Plowman, 542 S.W.2d 260, 263 (Tex. Civ. App.--Fort Worth 1976,
no writ); see also Tex. R. Civ. P. 80. A supplemental petition responds to the other
party's last pleading and does not repeat allegations previously pleaded unless such
repetition is necessary. See J.M. Huber Corp. v. Santa Fe Energy Resources, Inc., 871
S.W.2d 842, 844 (Tex. App.--Houston [14th Dist.] 1994, writ filed); see also Tex. R.
Civ. P. 69. An amended petition, however, adds to or withdraws from the previously filed
petition in order to correct it or to plead a new matter. See id.; see also Tex. R. Civ. P.
62. An amended pleading is to be entire and complete in itself; it is a substitute for the
instrument amended. See Tex. R. Civ. P. 64.

 Sixth RMA does not maintain it misnamed its petitions as "supplemental" while
intending to file "amended" ones. Rather, it contends both the supplemental petition and
second supplemental petition were filed under Rule 69 in response to the statute of
limitations defense raised in Sibley's original answer. Essentially, Sixth RMA argues the
Plowman exception applies. See Plowman, 542 S.W.2d at 263. The record is to the
contrary. Both of the supplemental petitions attempted to add Sixth RMA as a plaintiff. 
The first included an "a/k/a" designation naming the plaintiff as "RMA Partners, L.P.,
a/k/a Sixth RMA Partners, L.P." The second supplemental petition stated the correct
name of the plaintiff was "Sixth RMA Partners, L.P., a/k/a RMA Partners, L.P."
However, Sibley's answer contended limitations applied because the debts became due
more than four years before RMA filed suit; it did not contend limitations applied because
RMA lacked capacity or standing to bring suit. Thus, the Plowman exception allowing a
new party to be added by a supplemental rather than an amended petition does not control;
the necessity for doing so did not arise from facts pleaded in Sibley's answer. See
Plowman, 542 S.W.2d at 263.

 Sixth RMA further argues that, under Moody-Rambin Interests v. Moore, 722
S.W.2d 790, 792 (Tex. App.--Houston [14th Dist.] 1987, no writ), a supplemental petition
may be used in complying with Rule 28, which allows suits by and against entities using
assumed or common names. See Tex. R. Civ. P. 28. However, the Moody-Rambin court
determined that there the supplemental petitions adding parties were filed in response to
the defendant's first and second amended answers. Id. Or in other words, there the
Plowman exception applied. Here, it does not. 

 Sixth RMA alternatively argues that Sibley waived any pleading defects by:

 (1) agreeing in the consolidation order that "Sixth RMA's Original Petition filed
July 31, 1995 in Cause No. 75778, including all supplements and
amendments, is deemed a counter-claim;"


 (2) failing to file special exceptions to the pleadings;


 (3) failing to file a verified denial of a defect of parties plaintiff or defendant;



 failing to file and have ruled on a motion to abate on the grounds that there
is a defect of parties, and the case should not proceed until the defect is
cured; and


 


 appearing himself in "Sibley v. RMA Partners, L.P." and putting on
evidence at trial that the notes made the subject of his suit for a declaratory
judgment are the same notes made the subject of Sixth RMA's counterclaim. 



Sixth RMA does not provide supporting authorities for points one and five; therefore we
do not consider them. See In re Marriage of Williams, 998 S.W.2d 724, 730 (Tex. App.--Amarillo 1999, no pet.); Tex. R. App. P. 38.1(h). 

 As to points two, three, and four, Sixth RMA actually raises Rule 93 arguments.
These points relate to certain pleas required by Rule 93 to be verified, "unless the truth
of such matters appear of record." Tex. R. Civ. P. 93 (emphasis added). (1) Among the
pleas to be verified are those contesting the legal capacity of a party to sue or be sued;
those in which the plaintiff is not entitled to recover in the capacity in which he sues, or
the defendant is not liable in the capacity in which he is sued; and those in which there is
a defect of parties, plaintiff or defendant. Tex. R. Civ. P. 93 (1), (2), (4). However, here
it is clear from the record that RMA was the incorrect plaintiff; thus, the Rule 93 exception
applies, and Sibley was not required to file verified pleas. RMA filed its original petition
on July 31, 1995, and attached copies of the notes, which showed that their owner was
Sixth RMA - not RMA. Moreover, the record contains the testimony of Elizabeth
Schaefer and Priscilla Stevens regarding the separate legal nature of the two entities. 
Sibley did not waive his contentions by not filing verified rule 93 pleas or pleas in
abatement. 

 Further, Sibley had filed a motion for summary judgment, which, among other
matters, raised his limitations argument based on Sixth RMA's failure to properly enter
the suit as a plaintiff. The trial court considered this motion on the morning of trial and
denied it. Subsequently, in his motion for new trial, Sibley contended the trial court erred
in overruling Sibley's running objection to the introduction of evidence during trial
regarding the ownership of the notes by Sixth RMA, as Sixth RMA was not a proper party
to the suit, never having filed a petition or properly adding itself, and thus any such
evidence was not relevant. 

 In addition, as Sixth RMA was never made a plaintiff, judgment may not be
rendered in its favor. Mapco, Inc. v. Carter, 817 S.W.2d 686, 687 (Tex.1991)(judgment
may not be granted in favor of a party not named in the suit as a plaintiff or a defendant). 
Being fundamental error, the issue may be raised at any time. Id.; Texas Pac. Indem. Co.
v. Atlantic Richfield Co., 846 S.W.2d 580, 583-84 (Tex. App.--Houston [14th Dist.] 1993,
writ denied). Sibley did not waive the issue of whether Sixth RMA was properly named
as a plaintiff. 

 As Sixth RMA never properly became a plaintiff, the statute of limitations bars its
cause of action, and the trial court erred in not so finding. We sustain issue one. Since
first issue is dispositive, we do not consider Sibley's remaining points. The trial court's
judgment is reversed and judgment hereby is rendered that Sixth RMA Partners, L.P.,
a/k/a RMA Partners, L.P., take nothing from Thomas J. Sibley. 

 REVERSED AND RENDERED.






 DON BURGESS

 Justice


Submitted on September 6, 2001

Opinion Delivered December 6, 2001

Do Not Publish 


Before Walker, C.J., Burgess and Gaultney, JJ.
1. Sixth RMA's point four addresses pleas in abatement, but Rule 93 pleas also are
pleas in abatement. See El T. Mexican Restaurants, Inc. v. Bacon, 921 S.W.2d 247,250
(Tex. App.--Houston [1st Dist.] 1995, writ denied)(citing Bluebonnet Farms, Inc. v.
Gibraltar Savings Ass'n, 618 S.W.2d 81, 83-85 (Tex. Civ. App.--Houston [1st Dist.]
1980, writ ref'd n.r.e.)); see also 2 McDonald Texas Civil Practice § 9:13 (1992).