**MOODY–RAMBIN INTERESTS, Moody-Rambin Interests, Inc., USA II Lehndorff and Layne Universal, Inc., Appellant,**

v.

**Thomas W. MOORE, Jr., Appellee.**

No. A14–86–610–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 2, 1987.

Albert J. Holly, Houston, for appellant.

Majorie Ann Newton, Veda Ann Moore, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and MURPHY and ROBERTSON, JJ.

## OPINION

J. CURTISS BROWN, Chief Justice.

Moody-Rambin Interests, the appellant, sued Thomas Moore (Moore) for unpaid rent and other costs. The trial court in summary judgment held that Moody-Rambin Interests was not the correct party to bring suit. In a single point, appellant assigns error in the granting of summary judgment. We dismiss for want of jurisdiction.

Moody-Rambin Interests, a Texas partnership, filed suit against Moore in order to recover unpaid rent and other costs on a lease executed by Moore, as lessee, and USA II Lehndorff and Layne Universal, Inc., as lessor. USA II Lehndorff and Layne Universal, Inc., a foreign corporation, named Moody-Rambin Interests, Inc., a Texas corporation, as agent and property manager for the leased premises. Moody-Rambin Interests, Inc. was apparently known as Moody-Rambin Interests, but no assumed name certificate had been filed at the time of suit with the Secretary of State or with the county clerk.

Moore filed a first amended original answer claiming that Moody-Rambin Interests had no capacity to bring the suit because it did not own the property. Moody-Rambin Interests then filed a first supplemental original petition attempting to add USA II Lehndorff and Layne Universal, Inc., as a party plaintiff in response to appellee's charges. Appellee filed a second amended answer alleging that USA II Lehndorff and Layne Universal, Inc., could not recover since it was not registered to

do business in Texas. Moore presented evidence to this effect and moved for summary judgment. Five days before the summary judgment was heard, appellant filed a second supplemental petition, this time adding Moody-Rambin Interests, Inc., a Texas corporation, as plaintiff. Moore filed special exceptions to this additional party to the suit, but the special exceptions were not ruled upon by the trial court. The trial court entered a take nothing judgment against Moody-Rambin Interests.

■ If Moody-Rambin Interests, Inc., and USA II Lehndorff and Layne Universal, Inc., were properly before the court when it rendered its summary judgment against Moody-Rambin Interests, then the judgment was interlocutory and not final since it did not dispose of all of the parties to the suit. *See Teer v. Duddlesten,* 664 S.W.2d 702, 703 (Tex.1984); *Springwoods Shopping Center, Inc. v. University Savings Ass'n,* 610 S.W.2d 177, 178 (Tex.Civ. App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.). Both parties would be before the court because Moore failed to obtain a ruling on his special exceptions by the trial court. Moore, therefore, waived his special exceptions. *See Tri-State Ass'n of Credit Men v. Hinson,* 136 Tex. 1, 144 S.W.2d 881 (Tex.1938). Appellee, however, claims that the attempted addition of Moody-Rambin Interests, Inc., and USA II Lehndorff and Layne Universal, Inc., as parties plaintiff in the first and second supplemental petitions was of no effect because such attempted addition must be done by an amended petition rather than by a supplemental petition.

■ We note initially that if a party mistakenly designates a pleading, a court may treat the plea as properly designated if justice so requires. Tex.R.Civ.P. 71. The pleadings were not mistakenly designated since the supplemental petitions filed by appellant were not intended to be amended pleadings. The supplemental petitions do not comply with Tex.R.Civ.P. 62 when they fail to restate the facts and the cause of action. Since appellant's supplemental petitions do not purport to be amendments,

the pleadings may not be considered to be misdesignated.

■ Moody-Rambin Interests, therefore, attempted to add parties to this action by supplemental petition. "The proper way to bring new parties into a suit is by an amended pleading and not by a supplemental pleading." *Hatley v. Schmidt,* 471 S.W.2d 440, 442 (Tex.Civ.App.—San Antonio 1971, writ ref'd n.r.e.). An exception to this rule exists if the necessity for adding a new party arises from facts pled in the defendant's answer. *Intercity Investments Co. v. Plowman,* 542 S.W.2d 260, 263 (Tex.Civ.App.—Fort Worth 1976, no writ); *see also* Tex.R.Civ.P. 80. The first and second supplemental petitions validly added USA II Lehndorff and Layne Universal, Inc., and Moody-Rambin Interests, Inc., in response to Moore's first and second amended answers.

■ Tex.R.Civ.P. 37 requires that additional proper parties be brought so as not to unreasonably delay the trial of the case. Moore apparently knew of the existence of Moody-Rambin Interests, Inc., as references are made to both it and Moody-Rambin Interests as separate entities throughout the record. The actual joinder of Moody-Rambin Interests, Inc., would not unreasonably delay the trial of this cause and therefore it must be retained in the lawsuit.

■ In addition, in the interest of judicial economy, we believe that the trial court may choose to abate this suit with respect to USA II Lehndorff and Layne Universal, Inc. The summary judgment evidence showed that USA II Lehndorff and Layne Universal, Inc., was not registered to do business in Texas. Tex.Bus.Corp.Code Ann. art. 8.18(a) (Vernon 1980) prevents a corporation from bringing suit if it is not registered to do business in Texas. USA II Lehndorff and Layne Universal, Inc., of course, is not a necessary party to the lawsuit due to the fact that it authorized Moody-Rambin Interests, Inc., to bring suit as its agent.

Finally, if Moody-Rambin Interests is merely a common name for Moody-Rambin

Interests, Inc., Moody-Rambin Interests, Inc., should be substituted in the lawsuit pursuant to Tex.R.Civ.P. 28. Rule 28 states that

[a]ny partnership, unincorporated association, private corporation, or individual doing business under an assumed name may sue or be sued in its partnership, assumed or common name for the purpose of enforcing for or against it a substantive right, but on a motion by any party or on the court's own motion the true name may be substituted.

This rule is designed in order to prevent this type of costly and unnecessary appeal.

The summary judgment entered in favor of appellee did not dispose of all of the parties to the case, and was thus interlocutory and not appealable. The case is still pending in the trial court. Appeal dismissed for want of jurisdiction and remanded to the trial court.