IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-041-CV





JAMES R. SCHMIDT AND HELEN SCHMIDT,



 APPELLANTS


vs.





BASTROP COUNTY, TEXAS,



 APPELLEE



 




FROM THE DISTRICT COURT OF BASTROP COUNTY, 335TH JUDICIAL DISTRICT


NO. 18,933, HONORABLE HAROLD R. TOWSLEE, JUDGE PRESIDING



 





 James R. Schmidt and Helen M. Schmidt appeal from a trial-court judgment
dismissing their suit against Bastrop County. We will reverse the trial-court judgment and remand
the cause to that court.



THE CONTROVERSY


 We cannot avoid describing at length the various pleadings and pleas upon which
the judgment of dismissal rests.

 In a third amended original petition, the Schmidts brought against the County
alternative causes of action for conversion and inverse condemnation based on the following
allegations: The Schmidts obtained and delivered to the County a cashier's check in the amount
of $15,080 "in connection with" the County's purchase of "certain computer hardware and/or
software" from ADM Systems, Inc. The equipment was "protected" by a one-year warranty, but
more than a year had passed since delivery of the equipment; and the County had never revoked
its acceptance of the equipment nor had the County complained to the Schmidts about a breach
of warranty. When the Schmidts demanded return of the check, the County negotiated it. The
Schmidts prayed for judgment in the amount of $15,080 together with costs. As indicated by the
foregoing summary, the particulars of any connection between the Schmidts, ADM, and the
County were left unexplained.

 In a first amended original answer, the County gave its view of that connection. 
The County averred, in addition to a general denial, that the Schmidts delivered the cashier's
check to secure the performance of ADM System's obligations regarding certain equipment the
corporation sold to the County. The equipment had failed, according to the County's answer,
entitling the County to an offset in an amount greater than the Schmidts' $15,080 demand. In
addition, the County's answer included a counterclaim against the Schmidts in the amount of
$30,000--the amount the County had allegedly paid ADM for the equipment.

 Contemporaneously with its first amended original answer, but in an independent
instrument filed in the cause, the County filed a plea in abatement. The plea asserted a defect in
parties based on ADM's absence from the litigation. Since our system of pleading in district court
contemplates only a petition and an answer, the County's plea in abatement should have been
included as a plea in the County's answer, and should not have been filed as an independent
instrument. See Tex. R. Civ. P. 45(a). A plea in abatement is a "plea" properly included in a
defendant's answer, but it is not a "pleading" contemplated by the rules. See Tex. R. Civ. P. 85. 
We should, of course, construe the rules liberally to achieve their salutary objectives. See Tex.
R. Civ. P. 1. Accordingly, we might treat the County's plea in abatement as a supplemental
answer by the County. See Tex. R. Civ. P. 69, 71. This is made somewhat difficult by the text
of the instrument, which declares expressly that it is a supplement to the County's plea in
abatement contained in an original answer filed in the cause about three and one-half years earlier. 
The original answer, of course, had passed entirely from the case by the County's filing a first
amended original answer. Stated another way, the County explicitly purported to supplement a
plea in abatement that could "no longer be regarded as a part of the pleading in the record of the
cause" because it had been superseded. Tex. R. Civ. P. 65.

 On October 2, 1991, well within the thirty days mentioned in the court's order of
September 13th, the Schmidts filed in the cause an instrument designated "Pleading to Comply
with Order Granting Defendant's Plea in Abatement." In the instrument, the Schmidts averred
as follows:



 1. The County had declined to cause the joinder of ADM Systems in the suit.

 2. To avoid dismissal of their suit, the Schmidts filed the instrument in order to
comply with the court's order that ADM Systems be "brought in" and "made a party" to the
lawsuit.

 3. The registered agent of ADM Systems was Gary Peterson and the registered
office of the corporation was 1603 Shotwell, Round Rock, Texas.

 4. The Schmidts requested service of citation upon ADM Systems.



The instrument averred no claim for relief against ADM Systems or anyone else, nor did the
instrument purport to resist any claim for relief. 

 When a counterclaim is asserted against a plaintiff, as here, he may cause a third
party to be brought in under circumstances that would entitle a defendant to do so. See Tex. R.
Civ. P. 38(b). At least one such circumstance appears applicable here: when the absent person
may be liable for all or part of the counterclaim. See Tex. R. Civ. P. 38(a). It is difficult to
conceive of this instrument as being either an answer or petition of any kind. See Tex. R. Civ.
P. 45(a), 47, 79, 84, 85. We might, however, treat the instrument as either an amended petition
or a supplemental petition, because the plaintiffs in the cause, against whom a counterclaim had
been made, filed the instrument. If we consider the instrument to be an amended petition,
however, we eliminate from the suit any cause of action against the County whatever because the
amended petition would substitute entirely for the Schmidts' third amended original petition, their
live pleading at the time. See Tex. R. Civ. P. 65. This will not occur, of course, if we consider
the instrument to be a supplemental petition. This is difficult, however, owing to the text of the
instrument which makes no claims of any kind and does not purport to be "a response to the last
preceding pleading by the other party." Tex. R. Civ. P. 69.

 The record reveals that on October 16, 1991, ADM Systems was served with
citation containing the Schmidts' "Pleading to Comply with Order Granting Defendant's Plea in
Abatement." The corporation arguably appeared in the cause by filing a letter, signed by
Peterson, the registered agent, and addressed "To the Honorable Judge of Said Court." The letter
declares:



I am Gary L. Peterson who once owned the Texas corporation "ADM Systems,
Inc.," and am currently listed as this corporation's registered agent.


On my personal income tax return for 1989 I took a "worthless stock deduction"
in the amount of my original basis in ADM stock. My laymen's [sic]
understanding of this deduction is that I am thereafter prohibited from acting as a
corporate officer, owning stock, or otherwise acting on behalf of, or for ADM.


It is my testimony that I was both President and registered agent for ADM
Systems, Inc. until December 31st. of 1989. What I recall is that this suit came
about in 1986. ADM was "in existence" for about 3 years after this matter arose,
and no request was made to "bring in" ADM until I received this service on
October 16th, 1991, nearly 5 years later.


To the best of my knowledge, no other officers or stockholders exist today.


 Respectfully yours,


 [signature]


 Gary L. Peterson.

 1024091



The letter was filed in the cause November 4, 1991.



THE PRE-DISMISSAL HEARING


 On October 26, 1992, approximately one year after the filing of the letter just
described, the court convened a hearing in which the County urged dismissal of the Schmidts' suit
on the ground that they had not complied with the court's order of September 13, 1991, requiring
that ADM Systems be made a party with dismissal to follow if ADM were not made a party.

 At the hearing, the County argued that the Schmidts' "Pleading to Comply with
Order Granting Defendant's Plea in Abatement" did not have the legal effect of making ADM
Systems a party because it averred no claim against the corporation and demanded no remedy; and
because the Schmidts had previously admitted giving the cashier's check as a performance bond
securing ADM System's contact obligations, the litigation should not go forward without the
corporation as a party.

 The Schmidts' counsel rejoined that the terms of the court's order of September 13,
1991, had only required that ADM Systems be made a "party," not a party defendant; and, the
corporation had in fact become a party by filing an "answer" (Peterson's letter). Hence, ADM
Systems was now in court and the County could assert against the corporation any claims it
wished. When queried by the court on whether the cashier's check was given as a performance
bond, the Schmidts' counsel thrice replied that he did not wish to divulge the Schmidts' position
because revealing that information would benefit the County. This reply was, of course, not very
helpful to the trial court.

 At the conclusion of the hearing, the trial court ordered the cause dismissed and
signed the same day an order to that effect. This appeal ensued, in which the Schmidts bring six
points of error.



DISCUSSION AND HOLDINGS


 The parties have created a first-class procedural snarl, consuming unnecessarily a
considerable amount of judicial resources, by flagrantly disregarding the rules of pleading. In a
previous appeal taken by the Schmidts, we reversed a trial-court judgment dismissing the cause
after the court sustained the County's plea in abatement. We did so chiefly because the plea was
not verified, a defect the Schmidts also urge against the County's plea in the present appeal. See
Schmidt v. Bastrop County, Tex., No. 3-89-071-CV (Tex. App.--Austin Mar. 28, 1990, no writ)
(not designated for publication). We will attempt to bring some order to the pleadings and the
case.

 We hold firstly that the County's instrument entitled "Plea in Abatement" is a
supplemental answer urging a plea in abatement. We hold secondly that the Schmidts' instrument
entitled "Pleading to Comply with Order Granting Defendant's Plea in Abatement" is a
supplemental petition joining ADM Systems as a defendant. See 1 McDonald Texas Civil Practice
§ 5.38 at 534 (1992 ed.). We realize fully that this does some violence to the language of the two
instruments, but we believe our constructions remain within the "liberal construction" that we
should give the rules in order "to obtain a just, fair, equitable and impartial adjudication of the
rights of litigants under established principles of substantive law." Tex. R. Civ. P. 1 (emphasis
added). With these preliminary holdings, we need consider only the Schmidts' fourth and sixth
points of error in which they assert that dismissal of the suit was erroneous because they literally
complied with the trial-court order that ADM Systems be made a "party."

 The proper method of joining new parties is by an amended pleading and not by
a supplemental pleading, but "[a]n exception to this rule exists if the necessity for adding a new
party arises from facts pled in the defendant's answer." Moody-Rambin Interests v. Moore, 722
S.W.2d 790, 792 (Tex. App.--Houston [14th Dist.] 1987, no writ). See Tex. R. Civ. P. 98. Will
the Schmidts' "Pleading to Comply with Order Granting Defendant's Plea in Abatement" fit
within this exception if considered as a supplemental petition, as we have held it is? That is to
say, did the necessity of adding ADM Systems arise from facts pled in the County's third amended
original answer supplemented by the instrument entitled "Plea in Abatement?" While the contents
of the Schmidts' "Pleading to Comply with Order Granting Defendant's Plea in Abatement"
declare expressly that the instrument is in response to the court's order of September 13, 1991,
we conclude that the necessity for filing the Schmidts' instrument arose from the County's "Plea
in Abatement." Therefore, we hold, the effect of the "Pleading to Comply with Order Granting
Defendant's Plea in Abatement" was to join ADM Systems as a party. No issue is raised
concerning the sufficiency of the citation or its service. (The record does not indicate whether
the citation was affixed to a copy of the Schmidts' Third Amended Original Petition as well as a
copy of the "Pleading to Comply with Order Granting Defendant's Plea in Abatement." See Tex.
R. Civ. P. 38(a), 99(d)). We do not purport to address whether Peterson's letter constitutes an
appearance in the cause by Peterson or by ADM Systems. We conclude the Schmidts did comply
with the trial-court order and sustain points of error four and six.

 We urge the parties and the trial court to bring the pre-trial element of the litigation
to a conclusion under the rules of procedure, which provide in explicit terms for repleader, special
exceptions, and other matters that might be useful following our remand. See Tex. R. Civ. P. 68,
85.

 Accordingly, we reverse the trial-court judgment of dismissal and remand the cause
to that court for proceedings not inconsistent with our opinion.



 

 John Powers, Justice

Before Justices Powers, Jones and Kidd

Reversed and Remanded

Filed: February 23, 1994

Do Not Publish