Thomas J. SIBLEY, Appellant,

v.

SIXTH RMA PARTNERS, L.P., a/k/a
RMA Partners, L.P., Appellee.

No. 09–00–523 CV.

Court of Appeals of Texas, Beaumont.

Submitted Sept. 6, 2001.

Dec. 6, 2001.

John A. Cowan, Maggie De La Rosa, Glenn H. Steele, Jr., Provost & Umphrey Law Firm, LLP, Beaumont, for appellant.

M.H. Cersonsky, Rachel R. Rosen, Alonso, Cersonsky & Garcia, P.C., Houston, for appellee.

Before WALKER, C.J., BURGESS and GAULTNEY, JJ.

## OPINION

DON BURGESS, Justice.

Bringing four issues, Thomas J. Sibley appeals the trial court's judgment in favor of Sixth RMA Partners, L.P., a/k/a RMA Partners, L.P. In 1991, Sibley, who had executed two promissory notes in favor of First Federal Savings and Loan Association of Beaumont ("First Federal"), sued RMA Partners, L.P. ("RMA") for a declaratory judgment, alleging limitations and

offset. RMA, who had made demand on Sibley for payment, promptly filed its own suit against Sibley seeking recovery on the First Federal notes, which RMA alleged that it had purchased from the Resolution Trust Corporation ("RTC") after First Federal was placed in receivership. Actually, Sixth RMA was the purchaser. In 1996, RMA supplemented its original petition to include an "a/k/a" designation naming "RMA Partners, L.P., a/k/a Sixth RMA Partners, L.P." as the plaintiff. On July 6, 1999, RMA then supplemented its original petition again to state that the correct name of the plaintiff was "Sixth RMA Partners, L.P., a/k/a RMA Partners, L.P." In March, 2000, the declaratory judgment suit and the suit on the two notes were consolidated. Several months later, the consolidated cause was tried to the court.

In his first issue, Sibley maintains that the trial court erred in not finding the claims against him barred by limitations as the wrong entity asserted Sixth RMA's claims and the correct entity never properly entered the proceeding through an amended petition. RTC had endorsed the notes to "Sixth RMA Partners, L.P."—not RMA Partners. The notes matured on March 1, 1992, and were purchased from the RTC on March 12, 1993, after Sibley defaulted around March 1, 1992. Thus, the holder and owner of Sibley's notes had six years from the date of default to bring suit, or until March 1, 1998. *See Jackson v. Thweatt*, 883 S.W.2d 171, 178 (Tex.1994); 12 U.S.C.A. § 1821(d)(14)(A)(i)(I). Sibley contends the statute of limitations bars Sixth RMA's claims because it was never properly made a party. We agree.

Under issue one, Sibley argues RMA and Sixth RMA are two legally distinct entities. Sibley notes the Delaware certificate of limited partnership for RMA was filed on June 7, 1991, and for Sixth RMA on March 15, 1993. Records from the Delaware Secretary of State show the two entities had different general partners. In addition, while Sixth RMA maintained its Delaware charter in good standing, RMA's Delaware charter became void on December 31, 1995. Thus, when RMA filed its first supplemental petition on July 3, 1996, stating that it was suing as "RMA Partners, L.P., a/k/a Sixth RMA Partners, L.P.," its charter already was void. Neither party briefed the question of whether RMA's void charter affected this cause.

Sixth RMA concedes that, at one time, RMA and Sixth RMA were distinct legal entities. Testimony from employees further demonstrates that the two were not "one and the same," as contended by RMA in its supplemental petition. Elizabeth Schaefer, the assistant general counsel of RMA when it was still active, and the general counsel of Sixth RMA, testified she did not know whether there was any written authorization allowing the operation of Sixth RMA's business under any other name. She was not aware that any assumed name certificates had ever been filed on behalf of Sixth RMA, and also stated that Sixth RMA and RMA had separate and distinct tax identification numbers. Priscilla Stevens, testifying as a representative of Sixth RMA Partners, stated that Sixth RMA and RMA were separate legal entities; each had its own taxpayer identification number, and were formed by separate partnership agreements, and that while some of the limited partners in the two might be mutual, others were different. Further, she was not aware of any documents giving RMA the authority to file suit on behalf of Sixth RMA.

 Still, Sixth RMA contends the distinct legal existence of the two entities does not matter because the claims on the notes were never RMA's; instead they were always Sixth RMA's, who argues the

naming of RMA as plaintiff was a misnomer. However, when a plaintiff's cause of action should have been brought against a separate and distinct entity other than the one sued, there is no misnomer. *Matsushita Elec. Corp. of America v. McAllen Copy Data, Inc.,* 815 S.W.2d 850, 852–53 (Tex.App.—Corpus Christi 1991, writ denied). "Rather, there is a mistake in identity, and the wrong party is under no obligation to correct that mistake." *Id.* (citing *Trailways, Inc. v. Clark,* 794 S.W.2d 479, 489 (Tex.App.—Corpus Christi 1990, writ denied)). Conversely then, when, as here, the entity named as plaintiff is separate and distinct from the entity that should be named plaintiff, there is no misnomer, but rather a mistake in identity. Sixth RMA's misnomer argument is not persuasive.

■ Further, we consider the misnomer argument within the parameters of Rule 28, as explained in *Chilkewitz v. Hyson,* 22 S.W.3d 825 (Tex.1999). "Our common-law decisions have recognized that a misidentification arises when two separate legal entities actually exist and a plaintiff mistakenly sues the entity with a name similar to that of the correct entity. Misidentification is generally distinct from misnomer. Misnomer arises when a plaintiff sues the correct entity but misnames it." *Id.* at 828 (citations omitted). In *Chilkewitz,* two distinct legal entities with similar names existed—(1) Morton Hyson, M.D. in his individual capacity, and (2) his professional association, Morton Hyson, M.D., P.A. *Id.* The Court, however, declined to decide whether a misidentification or misnomer was involved "because neither of those common-law doctrines operates to the exclusion of Rule 28 when there are facts that call Rule 28 into play." *Id.* Under Rule 28, "[a]ny partnership, unincorporated association, private corporation, or individual doing business under an assumed name may sue or be sued in its partnership, assumed or common name for the purpose of enforcing for or against it a substantive right, but on a motion by any party or on the court's own motion the true name may be substituted." TEX.R. CIV. P. 28.

■ Rule 28 allows a plaintiff to bring suit against an individual doing business under the name of an association, partnership, or corporation, even if the association, partnership, or corporation does not exist. *Chilkewitz,* 22 S.W.3d at 828–29. "Of course, at some point before judgment, the plaintiff must amend the petition to add the correct legal name of the actual defendant." *Id.* at 829 (citing *Bailey v. Vanscot Concrete Co.,* 894 S.W.2d 757, 760–61 (Tex.1995)). And that-amending the petition to add the correct legal name of the notes' holder-is what Sibley maintains was not done here. We agree.

Sixth RMA relies on several cases in which a plaintiff was misnamed or misidentified: (1) *Pierson v. SMS Financial II, L.L.C.,* 959 S.W.2d 343, 347 (Tex.App.—Texarkana 1998, no pet.)(misnomer occurred where actual plaintiff [SMS II] misnamed itself, and instead named another entity [SMS I]; amended petition naming actual plaintiff related back to the original, and the statute did not bar the claim); (2) *Astro Sign Co. v. Sullivan,* 518 S.W.2d 420, 425 (Tex.Civ.App.—Corpus Christi 1974, writ ref'd n.r.e.) (where appellee's amended petition corrected a misnomer, it was not a new suit); (3) *Womack Machine Supply Co. of Houston v. Fannin Bank,* 499 S.W.2d 917, 919 (Tex.Civ.App.—Houston [14th Dist.] 1973), *rev'd on other grounds,* 504 S.W.2d 827 (Tex.1974)(where plaintiff was allowed to file a trial amendment correcting the plaintiff's name, its cause of action was not barred by the statute of limitations); (4) *Foust v. Estate of Walters ex rel. Walters,* 21 S.W.3d 495,

501–02 (Tex.App.—San Antonio 2000, pet. denied) (the amended petition related back to the original, timely-filed petition where the amended cause of action naming new plaintiff was wholly based and grew out of the same set of facts and occurrences as were alleged in two previous petitions). The common factor in all these cases, however, is that the new plaintiff was added by an amendment. In contrast, the pleadings attempting to add Sixth RMA were supplemental petitions, not amended ones.

 "The proper way to bring new parties into a suit is by an amended pleading and not by a supplemental pleading." *Hatley v. Schmidt*, 471 S.W.2d 440, 442 (Tex.Civ.App.—San Antonio 1971, writ ref'd n.r.e.). An exception to this rule exists if the necessity for adding a new party arises from facts pleaded in the defendant's answer. *See Intercity Investments Co. v. Plowman*, 542 S.W.2d 260, 263 (Tex.Civ.App.—Fort Worth 1976, no writ); *see also* Tex.R. Civ. P. 80. A supplemental petition responds to the other party's last pleading and does not repeat allegations previously pleaded unless such repetition is necessary. *See J.M. Huber Corp. v. Santa Fe Energy Resources, Inc.*, 871 S.W.2d 842, 844 (Tex.App.—Houston [14th Dist.] 1994, writ filed); *see also* Tex.R. Civ. P. 69. An amended petition, however, adds to or withdraws from the previously filed petition in order to correct it or to plead a new matter. *See id.; see also* Tex.R. Civ. P. 62. An amended pleading is to be entire and complete in itself; it is a substitute for the instrument amended. *See* Tex.R. Civ. P. 64.

Sixth RMA does not maintain it misnamed its petitions as "supplemental" while intending to file "amended" ones. Rather, it contends both the supplemental petition and second supplemental petition were filed under Rule 69 in response to the statute of limitations defense raised in Sibley's original answer. Essentially, Sixth RMA argues the *Plowman* exception applies. *See Plowman*, 542 S.W.2d at 263. The record is to the contrary. Both of the supplemental petitions attempted to add Sixth RMA as a plaintiff. The first included an "a/k/a" designation naming the plaintiff as "RMA Partners, L.P., a/k/a Sixth RMA Partners, L.P." The second supplemental petition stated the correct name of the plaintiff was "Sixth RMA Partners, L.P., a/k/a RMA Partners, L.P." However, Sibley's answer contended limitations applied because the debts became due more than four years before RMA filed suit; it did not contend limitations applied because RMA lacked capacity or standing to bring suit. Thus, the *Plowman* exception allowing a new party to be added by a supplemental rather than an amended petition does not control; the necessity for doing so did not arise from facts pleaded in Sibley's answer. *See Plowman*, 542 S.W.2d at 263.

Sixth RMA further argues that, under *Moody-Rambin Interests v. Moore*, 722 S.W.2d 790, 792 (Tex.App.—Houston [14th Dist.] 1987, no writ), a supplemental petition may be used in complying with Rule 28, which allows suits by and against entities using assumed or common names. *See* Tex.R. Civ. P. 28. However, the *Moody-Rambin* court determined that there the supplemental petitions adding parties were filed in response to the defendant's first and second amended answers. *Id.* Or in other words, there the *Plowman* exception applied. Here, it does not.

Sixth RMA alternatively argues that Sibley waived any pleading defects by:

(1) agreeing in the consolidation order that "Sixth RMA's Original Petition filed July 31, 1995 in Cause No. 75778, including all supplements and amendments, is deemed a counterclaim;"

(2) failing to file special exceptions to the pleadings;

(3) failing to file a verified denial of a defect of parties plaintiff or defendant;

(4) failing to file and have ruled on a motion to abate on the grounds that there is a defect of parties, and the case should not proceed until the defect is cured; and

(5) appearing himself in *"Sibley v. RMA Partners, L.P."* and putting on evidence at trial that the notes made the subject of his suit for a declaratory judgment are the same notes made the subject of Sixth RMA's counterclaim.

Sixth RMA does not provide supporting authorities for points one and five; therefore we do not consider them. *See In re Marriage of Williams*, 998 S.W.2d 724, 730 (Tex.App.—Amarillo 1999, no pet.); TEX. R.APP. P. 38.1(h).

■ As to points two, three, and four, Sixth RMA actually raises Rule 93 arguments. These points relate to certain pleas required by Rule 93 to be verified, *"unless the truth of such matters appear of record."* TEX.R. CIV. P. 93 (emphasis added).[1] Among the pleas to be verified are those contesting the legal capacity of a party to sue or be sued; those in which the plaintiff is not entitled to recover in the capacity in which he sues, or the defendant is not liable in the capacity in which he is sued; and those in which there is a defect of parties, plaintiff or defendant. TEX.R. CIV. P. 93(1), (2), (4). However, here it is clear from the record that RMA was the incorrect plaintiff; thus, the Rule 93 exception applies, and Sibley was not required to file verified pleas. RMA filed its original petition on July 31, 1995, and attached copies of the notes, which showed that their owner was Sixth RMA—not RMA. Moreover, the record contains the testimony of Elizabeth Schaefer and Priscilla Stevens regarding the separate legal nature of the two entities. Sibley did not waive his contentions by not filing verified rule 93 pleas or pleas in abatement.

Further, Sibley had filed a motion for summary judgment, which, among other matters, raised his limitations argument based on Sixth RMA's failure to properly enter the suit as a plaintiff. The trial court considered this motion on the morning of trial and denied it. Subsequently, in his motion for new trial, Sibley contended the trial court erred in overruling Sibley's running objection to the introduction of evidence during trial regarding the ownership of the notes by Sixth RMA, as Sixth RMA was not a proper party to the suit, never having filed a petition or properly adding itself, and thus any such evidence was not relevant.

■ In addition, as Sixth RMA was never made a plaintiff, judgment may not be rendered in its favor. *Mapco, Inc. v. Carter*, 817 S.W.2d 686, 687 (Tex.1991)(judgment may not be granted in favor of a party not named in the suit as a plaintiff or a defendant). Being fundamental error, the issue may be raised at any time. *Id.*; *Texas Pac. Indem. Co. v. Atlantic Richfield Co.*, 846 S.W.2d 580, 583–84 (Tex.App.—Houston [14th Dist.] 1993, writ denied). Sibley did not waive the issue of whether Sixth RMA was properly named as a plaintiff.

1. Sixth RMA's point four addresses pleas in abatement, but Rule 93 pleas also are pleas in abatement. *See El T. Mexican Restaurants, Inc. v. Bacon*, 921 S.W.2d 247, 250 (Tex. App.—Houston [1st Dist.] 1995, writ denied)(citing *Bluebonnet Farms, Inc. v. Gibraltar Savings Ass'n*, 618 S.W.2d 81, 83–85 (Tex. Civ.App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.)); *see also* 2 McDONALD TEXAS CIVIL PRACTICE § 9:13 (1992).

As Sixth RMA never properly became a plaintiff, the statute of limitations bars its cause of action, and the trial court erred in not so finding. We sustain issue one. Since first issue is dispositive, we do not consider Sibley's remaining points. The trial court's judgment is reversed and judgment hereby is rendered that Sixth RMA Partners, L.P., a/k/a RMA Partners, L.P., take nothing from Thomas J. Sibley.

REVERSED AND RENDERED.