NO. 07-09-0192-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JANUARY 13, 2010

_____

In the Interest of N.J.G., a Child

_____

FROM THE COUNTY COURT AT LAW NO. 2  OF POTTER COUNTY;

NO. 76053-2; HON. PAMELA SIRMON, PRESIDING

_____

***Memorandum Opinion***

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

April Oudems appeals the termination of her parental rights to her daughter N.J.G. She does so by challenging the sufficiency of the evidence to support the statutory grounds for termination as well as the finding that termination was in the best interest of the child. We find the evidence sufficient and affirm the order.

*Authority*

The standard by which we review the sufficiency of the evidence in a termination case is discussed in *In re J.F.C.,* 96 S.W.3d 256, 266-67 (Tex. 2002) and *In re C.H.,* 89 S.W.3d 17, 25 (Tex. 2002).  We refer the parties to those cases for a discussion of it. Moreover, we need only find that the evidence is sufficient to support termination under one statutory ground and that termination is in the best interest of the child to affirm the trial

court's order. *In re K.C.B.,* 280 S.W.3d 888, 894-95 (Tex. App.–Amarillo 2009, pet. denied).

 *Application of Authority*

The Department of Family and Protective Services sought termination of April's parental rights based on four statutory grounds. One of those was that April had been convicted or placed on community supervision for being criminally responsible for the death or serious injury of a child under §22.04 of the Penal Code for injury to a child. *See* TEX. FAM. CODE ANN. §161.001(1)(L)(ix) (Vernon Supp. 2009). The record contains copies of two orders placing April on community supervision in April 2007 for injury to a child. One event involved injuries to her children when she wrecked her car and the children were not in proper car seats, and the other conviction involved physical abuse of one of her children. Furthermore, she has not challenged on appeal the sufficiency of the evidence to support the trial court's finding that the circumstances satisfied the statutory provision. That being so, we need not address the sufficiency of the evidence with respect to the other grounds.

 Next, we look to whether the best interest of the child is served by termination. In doing so, we may consider the indicia known as the *Holley* factors. Those factors include 1) the desires of the child, 2) the emotional and physical needs of the child now and in the future, 3) the emotional and physical danger to the child now and in the future, 4) the parental abilities of the individuals seeking custody, 5) the programs available to assist those individuals to promote the best interest of the child, 6) the plans for the child by those individuals or by the agency seeking custody, 7) the stability of the home, 8) the acts or omissions of the parent indicating that the existing parent/child relationship is not a proper one, and 9) any excuse for the acts or omissions of the parent. *In re P.E.W.,* 105 S.W.3d

771, 779-80 (Tex. App.–Amarillo 2003, no pet.).  Moreover, it is not necessary to show that each factor favors termination, *id.* at 780, and the list is not exhaustive.  *In re C.J.F.,* 134 S.W.3d 343, 354 (Tex. App.–Amarillo 2003, pet. denied).  Incidentally, the same evidence that supports the statutory grounds for termination may also be probative of the finding that termination is in the best interest of the child.  *In re C.H.,* 89 S.W.3d at 28.  Finally, there must simply be enough evidence to enable the factfinder to form a firm belief or conviction that the child's best interest justifies termination.  *In re P.E.W.,* 105 S.W.3d at 780.

There was evidence of record that 1) April was twenty-four years old and had five children since the age of fifteen, 2) April was in jail at the time of this child's birth in 2008 and the child was removed from April's care and went to live with foster parents with whom she has continued to reside, 3) the foster parents have already adopted one of April's other children (a half-sister to the child who is the subject of this proceeding) to whom April relinquished her rights, 4) the half-sister and the child are bonded to each other, 5) the foster parents have bonded with the child and would like to adopt her, 6) in the child's current placement, she has been able to have a relationship with three of April's other children who are in the custody of a paternal grandmother, 7) April was twice convicted for injuring a child and sentenced to five years imprisonment for each conviction, 8) April denies being guilty of one of the offenses despite the conviction, 9) April was incarcerated at the time of trial and had already been denied parole once, 10) April signed an affidavit of relinquishment to the child which she testified at the time she believed to be in the child's best interest, though she later sought to retract it, 11) April wrote a letter in which she stated that she did not believe she needed parenting or anger management classes although she testified at trial that she did believe she needed them, 12) April had not

3

participated in services offered in prior cases with respect to her children, 13) April made no effort to support the child's half-sister or visit her during a six-month period when she was out of jail, 14) April was initially placed on community supervision for her convictions but violated her probation by using drugs, 15) April did not know how long it would be before she would be able to take care of the child after her release from prison, 16) April wrote a letter while in jail to the father of the child's half-sister stating she wanted to get back together with him and have a child with him although he had never helped her with their child financially, 17) April testified that if she could see the child on a regular basis, she would be satisfied with terminating her parental rights, and 18) April has made poor decisions in the past and not followed through with her goals which leave her children at risk for abuse and neglect.

There was also evidence that April had attempted to take parenting classes but may not have been able to complete them due to her being moved to different detention facilities and that she had been unable to complete other portions of her service plan due to her incarceration. Additionally, the record showed that she had facilitated the placement of the child, and she planned to live with her mother and get vocational training or obtain a job through the Workforce Center upon her release from prison. However, due to evidence showing a lack of parenting by April to any of her children, the lack of a bond between April and the child, April's convictions, April's drug use which resulted in the revocation of her probation, and the lack of any evidence that April had provided a safe and stable home for her children in the past or could do so upon her release from prison, the factfinder had before it more than clear and convincing evidence to support the determination that terminating the parent/child relationship was in the child's best interest. *See In re C.H.,* 89

4

S.W.3d at 28 (stating that a person's past performance as a parent can have a bearing on his fitness to provide for the current child as it might affect the best interest of the child); *In re C.N.S.,* 105 S.W.3d 104, 107 (Tex. App.–Waco 2003, no pet.) (stating that the factfinder could find termination was in the best interest of the child when weighing the child's future with a biological father who had a history of drug addiction, was incarcerated for burglary, had no established record of being able to earn a living and establish a home, and had never had a significant relationship with the child against the child's future in a home with its biological mother and adoptive father and grandparent support).

Accordingly, we overrule appellant's issues, find the evidence sufficient to support termination, and affirm the order.


Per Curiam