

NUMBER 13-10-00624-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN THE INTEREST OF M.D.C.D., A CHILD

## On appeal from the County Court at Law No. 5
## of Nueces County, Texas.

# MEMORANDUM OPINION

## Before Chief Justice Valdez and Justices Rodriguez and Garza
## Memorandum Opinion by Justice Rodriguez

This is an accelerated appeal from a parental termination proceeding. *See* TEX.

FAM. CODE ANN. § 109.002 (West 2008). The trial court terminated appellant R.V.'s

parental rights to her child, M.D.C.D.[1] Pursuant to section 263.405 of the family code,

appellant filed a statement of points with the trial court. *See id.* § 263.405 (West 2008)

---

[1] The trial court also terminated the rights of M.D.C.D.'s alleged father and any unknown fathers. Only R.V., M.D.C.D.'s mother, appeals from the termination order.

(setting out the procedure for appealing a final order under the family code). In her points, appellant challenged the sufficiency of the evidence supporting the statutory grounds on which the trial court based its termination order. *See id.* § 161.001(1)(N-Q) (West Supp. 2010).

A hearing was held on appellant's motion to determine whether (1) a new trial should be granted, (2) her claim of indigence should be sustained, and (3) her appeal is frivolous as provided by section 13.003(b) of the civil practice and remedies code (263.405 hearing). The trial court sustained appellant's affidavit of indigence and ruled that her appeal was frivolous. *See id.* § 263.405(d)(2-3); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 13.003(b) (West 2002). Because an aggrieved parent's appeal is initially limited to appealing the trial court's finding that the appeal is frivolous, we construe this as an appeal from the trial court's frivolous finding. *See* TEX. FAM. CODE ANN. § 263.405(g); *Lumpkin v. Dep't of Family & Protective Servs.*, 260 S.W.3d 524, 526 (Tex. App.—Houston [1st Dist.] 2008, no pet.). We affirm.

## I. COMPLIANCE WITH *ANDERS*

Appellant's court-appointed appellate counsel has filed an *Anders* brief and motion to withdraw in which he states "[a]fter [a] diligent search, counsel has determined that the appeal in this cause is frivolous and without merit."[2] *See Anders v. California*, 386 U.S. 738, 774-45 (1967); *Porter v. Tex. Dep't of Protective & Regulatory Servs.*, 105 S.W.3d

---

[2] Appellee, the Texas Department of Family and Protective Services, filed a response stating that "[a]fter reviewing the record before the Court, the Department's professional evaluation is that the record does not contain evidence to support the trial court's frivolous finding." However, based on our independent review of the entire record now before this Court and our *Anders* analysis set out below, *see Anders v. California*, 386 U.S. 738, 774-45; *Penson v. Ohio*, 488 U.S. 75, 80 (1988), we conclude otherwise.

52, 56 (Tex. App.—Corpus Christi 2003, no pet.) ("[W]hen appointed counsel represents an indigent client in a parental termination appeal and concludes that there are no non-frivolous issues for appeal, counsel may file an *Anders*-type brief."). Counsel states that he "has diligently reviewed the record in this cause and the law applicable thereto," and "there are no grounds of error upon which an appeal can be predicated." Counsel has informed this Court that, in his opinion, the trial court did not, among other things, abuse its discretion. *See In the Interest of M.N.V.*, 216 S.W.3d 833, 834 (Tex. App.—San Antonio 2006, no pet.) (providing that the appellate standard of review of a trial court's determination that an appeal is frivolous in a parental termination case is an abuse of discretion). Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation showing why there are no non-frivolous grounds for advancing an appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), appellant's counsel has discussed why, under controlling authority, there are no reversible errors in the trial court's judgment. Counsel has informed this Court that in addition to providing the brief and record to appellant, he has provided appellant with the rules for appeal to the Texas Supreme Court. Counsel has also advised appellant of her right to file a pro se response.[3] *See Anders*, 386 U.S. at 744; *Stafford*, 813 S.W.2d at

---

[3] In the criminal context, the Texas Court of Criminal Appeals has held that "the pro se response [to a 'frivolous appeal' brief] need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting *Wilson v. State*, 955 S.W.2d 693, 696-97 (Tex. App.—Waco 1997, no pet.)).

510 n.3. More than an adequate time has passed, and appellant has not filed a pro se response. *See In re Schulman*, 252 S.W.3d at 409.

## II. INDEPENDENT REVIEW

Upon receiving a "frivolous appeal" brief, this Court must conduct a full examination of all proceedings to determine whether the case is wholly frivolous.[4] *See Penson v. Ohio*, 488 U.S. 75, 80 (1988); *see also In re G.M. and X.M*, No. 13-08-00569-CV, 2009 Tex. App. LEXIS 6509, at *3-4 (Tex. App.—Corpus Christi Aug. 20, 2009, no pet.) (mem. op.); *In re M.P.O.*, No. 13-08-00316-CV, 2009 Tex. App. LEXIS 103, at *3-4 (Tex. App.—Corpus Christi Jan. 8, 2009, no pet.) (mem. op.). Having reviewed the entire record and counsel's brief, we have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005) ("Due to the nature of Anders briefs, by indicating in the opinion it considered the issues raised in the brief and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509.

---

[4] On April 27, 2011, we ordered the court reporter to provide a record of the July 7, 2010 bench trial at no cost to appellant because the record of the section 263.405 hearing provided insufficient information to determine whether the trial court abused its discretion in determining that the appeal was indeed frivolous. *See* TEX. FAM. CODE ANN. § 263.405(g) (West 2008) (allowing courts to enter "appropriate orders" when determining the frivolousness of an appeal); *In re J.J.C.*, 302 S.W.3d 436, 446-47 (Tex. App.—Houston [14th Dist.] 2009, pet. denied) (reviewing cases discussing the necessity of a trial court record and reasoning that ordering the record was appropriate because both the Department and the trial court referred to evidence from the trial on the merits during the 263.405 hearing); *see also M.C. v. Tex. Dep't of Family & Prot. Servs.*, 300 S.W.3d 300, 302 (Tex. App.—El Paso, no pet.); *but see also In re R.C.R.*, No. 14-08-00904-CV, 2009 Tex. App. LEXIS 2540, at *10-11 (Tex. App.—Houston [14th Dist.] Apr. 14, 2009, no pet.) (mem. op.) (expressing concern regarding the prospect of ordering the record, because "[i]f a parent appealing from a termination of his or her rights can get a free record merely by challenging the sufficiency of the evidence, section 263.405's frivolous appeal limitations will be easily circumvented")*.* We received a complete record on May 25, 2011.

### III. Motion To Withdraw

In accordance with *Anders*, counsel has filed a motion to withdraw. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779-80 (Tex. App.—Dallas 1995, no pet.) ("If an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We grant counsel's motion to withdraw.[5] Within five days of the date of this Court's opinion, counsel is ordered to send a copy of the opinion and judgment to appellant and to advise appellant of her right to pursue a petition for review in the Texas Supreme Court. *See In re K.D.*, 127 S.W.3d 66, 68 n.3 (Tex. App.—Houston [1st Dist.] 2003, no pet.).

### IV. Conclusion

The judgment of the trial court is affirmed.

NELDA V. RODRIGUEZ
Justice

Delivered and filed the
16th day of June, 2011.

---

[5] No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Supreme Court, she must either retain an attorney to file a petition for review or file a pro se petition for review. Any petition for review must be filed within forty-five days after the date of either this opinion or the last ruling by this Court on all timely filed motions for rehearing or en banc reconsideration. TEX. R. APP. P. 53.7(a). Any petition for review must comply with the requirements of rule 53.2 of the Texas Rules of Appellate Procedure. *See id.* at rule 53.2.