**Opinion filed July 21, 2011**



# In The

# Eleventh Court of Appeals

_____

## No. 11-10-00176-CV

_____

## IN THE INTEREST OF B.D. AND W.D., CHILDREN

On Appeal from the 35th District Court

Brown County, Texas

Trial Court Cause No. CV 08-12-390

### M E M O R A N D U M   O P I N I O N

The trial court terminated the parental rights of appellant, who is the father of B.D. and W.D. It also terminated the mother's parental rights; however, she is not a party to this appeal. Appellant's sole issue challenges the legal and factual sufficiency of the evidence supporting the termination of his parental rights. We affirm.

To determine if evidence is legally sufficient in a parental termination case, we review all of the evidence in the light most favorable to the finding and determine whether a rational trier of fact could have formed a firm belief or conviction that its finding was true. *In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005). To determine if evidence is factually sufficient, we give due deference to the finding and determine whether, on the entire record, a factfinder could

reasonably form a firm belief or conviction about the truth of the allegations against the parent. *In re C.H.*, 89 S.W.3d 17, 25-26 (Tex. 2002).

The trial court may order termination of the parent-child relationship if it finds by clear and convincing evidence that the parent has committed one of the acts listed in Section 161.001(1)(A)-(T) of the Texas Family Code and that termination is in the best interest of the child. TEX. FAM. CODE ANN. § 161.001 (Vernon Supp. 2010). In this case, appellant's rights were terminated upon findings that he knowingly placed or knowingly allowed the children to remain in conditions and surroundings that endangered the physical or emotional well-being of the children, that he engaged in conduct that endangered the physical or emotional well-being of the children, and that he failed to comply with the provisions of a court order that specifically established the actions necessary for him to obtain the return of the children. *See id.* § 161.001(1)(D), (E), (O). The trial court also found that termination of the parent-child relationship was in the children's best interest. *See id.* § 161.001(2).

We are unable to review the evidence presented to the trial court because a reporter's record has not been filed in this appeal. Without a reporter's record, we do not know what evidence was presented to the trial court. *See In re Marriage of Spiegel*, 6 S.W.3d 643, 646 (Tex. App.—Amarillo 1999, no pet.). An appellant must properly request and pay for the record, make arrangements to pay for the record, or be entitled to a free record before the court reporter's duty to prepare and file the reporter's record arises. *See* TEX. R. APP. P. 35.3(b)(3). By its order of August 2, 2010, the trial court denied appellant's motion for a free reporter's record on appeal, finding that he had not filed an updated affidavit of indigence. On November 17, 2010, the clerk of this court wrote appellant and requested that he either file a proper affidavit of indigence for appeal or make arrangements to pay for the reporter's record on or before December 2, 2010, with proof of filing or payment sent to this court. The clerk's letter of November 17, 2010, additionally informed appellant that failure to provide the requested proof would result in the case being submitted to this court on the clerk's record alone. On December 9, 2010, the clerk of this court notified the parties that the requested proof had not been submitted and that the case would be submitted on the clerk's record alone. *See* TEX. R. APP. P. 37.3(c). In the absence of a reporter's record, there is a presumption that the evidence is legally and factually sufficient to support the trial court's decision. *Bryant v. United Shortline Inc. Assurance Servs.*, 972 S.W.2d 26, 31 (Tex. 1998); *In re Guardianship of Berry*, 105 S.W.3d

2

665, 667 (Tex. App.—Beaumont 2003, no pet.); *In re Marriage of Spiegel*, 6 S.W.3d at 646. Because we lack a reporter's record of the evidence that the trial court considered, we must, in fact, presume that the trial court had sufficient evidence before it to support its decision. Accordingly, we overrule appellant's sole issue.

The judgment of the trial court is affirmed.


PER CURIAM


July 21, 2011

Panel consists of: Wright, C.J.,
McCall, J., and Hill, J.[1]

---

[1]John G. Hill, Former Justice, Court of Appeals, 2nd District of Texas at Fort Worth, sitting by assignment.

3