**THE RAY MALOOLY TRUST,**
Petitioner,

v.

**Chris JUHL and Maria Juhl, Respondent.**

No. 04–0685.

Supreme Court of Texas.

Feb. 24, 2006.

Paul Frederick Grajeda, Joe Rosales, El Paso, for Petitioner.

John P. Mobbs, El Paso, for Respondent.

## PER CURIAM.

The trial court entered and the court of appeals affirmed a judgment for $351,352 against "The Ray Malooly Trust." The latter appeals, pointing out that a trust is not a legal entity. While the point is well-taken, we deny the petition for review as it was waived.

The Juhls sued the Trust in May 1999, alleging a breach of lease. More than three years later, on the day trial began, the Trust filed a verified answer stating for the first time that "Defendant, The Ray Malooly Trust does not have capacity to be sued." The trial court denied leave to file the amended pleading on grounds of surprise.[1] *See* TEX. R. CIV. P. 63.

---

1. At the end of the trial, the trial court orally granted leave to file a trial amendment conforming the defendant's pleadings to evidence that the Trust was dissolved several years

■ The court of appeals stated that "a number of Texas cases indicate a trust may be named as a party without inclusion of a trustee." But a number of cases from this Court indicate the opposite. As we said in *Huie v. DeShazo*, "[t]he term 'trust' refers not to a separate legal entity but rather to the fiduciary relationship governing the trustee with respect to the trust property." 922 S.W.2d 920, 926 (Tex.1996) (holding that treating trust rather than trustee as attorney's client "is inconsistent with the law of trusts"). The general rule in Texas (and elsewhere) has long been that suits against a trust must be brought against its legal representative, the trustee. *See Werner v. Colwell*, 909 S.W.2d 866, 870 (Tex.1995); *Smith v. Wayman*, 148 Tex. 318, 224 S.W.2d 211, 218 (1949); *Slay v. Burnett Trust*, 143 Tex. 621, 187 S.W.2d 377, 382 (1945).[2]

■ The court of appeals noted that the Code Construction Act specifies that "person" includes a " ... business trust, estate, trust, partnership, association, and any other legal entity." TEX. GOV'T CODE § 311.005(2). But the Code Construction Act addresses the construction of state codes, not the capacity to sue or be sued. *Id.* at § 311.002. For example, the Act includes estates as statutory "persons," but an estate is nonetheless "not a legal entity and may not properly sue or be sued as such." *Austin Nursing Center,*

*Inc. v. Lovato*, 171 S.W.3d 845, 849 (Tex. 2005).

Moreover, the definitions in the Code Construction Act apply unless other statutes or contexts require a different definition. TEX. GOV'T CODE § 311.005(2). The most relevant code—the Texas Trust Code—explicitly defines a trust as a relationship rather than a legal entity. *See* TEX. PROP. CODE § 111.004(4). It states that trustees "may compromise, contest, arbitrate, or settle claims" against a trust. *Id.* § 113.019. It validates payments to and conveyances from a trustee, even if the trustee absconds with the proceeds. *Id.* §§ 114.081, 114.082. And since the trustee is "the person holding the property in trust," *id.* § 111.004(18), a judgment against that property must be brought against the person who holds it.

■ The court of appeals pointed to a Trust Code provision stating that in contract cases, "the plaintiff may sue the trustee in his representative capacity, and a judgment rendered in favor of the plaintiff is collectible by execution against the trust property." *Id.* § 114.084(a). From the use of "may," the court implied that plaintiffs could sue trusts in other ways too. But the word "may" (unless context or other statutes indicate otherwise) "creates discretionary authority *or grants permission or a power.*" TEX. GOV'T CODE § 311.016(1) (emphasis added).[3] In the context of the Trust Code as a whole,[4] this

---

before trial, an issue the Trust does not pursue here. This trial amendment did not include whether the Trust was a legal entity, as defense counsel admitted this was something "that didn't come up in our examination of the witnesses."

**2.** *Accord, Bonner v. Henderson*, 147 F.3d 457, 459 (5th Cir.1998); *Firestone v. Galbreath*, 976 F.2d 279, 284 (6th Cir.1992); *Coverdell v. Mid–South Farm Equip. Assoc.*, 335 F.2d 9, 13–14 (6th Cir.1964); *Moeller v. Superior Court*, 16 Cal.4th 1124, 69 Cal.Rptr.2d 317, 947 P.2d 279, 283 n. 3 (1997); *Western Life*

*Trust v. State*, 536 N.W.2d 709, 712 (N.D. 1995); *Courtemanche v. Bibbo*, 2004 WL 2820943 at *4 (R.I.2004); *Morrison v. Lennett*, 415 Mass. 857, 616 N.E.2d 92, 94 (1993).

**3.** *See also* BLACK'S LAW DICTIONARY 1000 (8th ed. 2004) ("In dozens of cases, courts have held 'may' to be synonymous with 'shall' or 'must.' ").

**4.** *See City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 25 (Tex.2003)(holding legislative intent is determined by reading statute as

provision grants contract claimants permission or power to sue the trustee, not to sue someone else.

This is not to say that the Legislature could not allow suit by or against a trust in its own name. *See, e.g.,* TEX. REV. CIV. STAT. art 6138A, § 6.10(A)(2) (authorizing real estate investment trusts to "sue and be sued, complain and defend, in its trust name"). But there is no pleading, evidence, or argument that the Legislature has done so by specific provisions here.

██ Nevertheless, while the court of appeals incorrectly reasoned that a trust can sue or be sued directly, it reached the right result here because the Trust waived any objection to capacity by filing its verified pleading too late. *See* TEX. R. CIV. P. 93(1). "[P]arties who do not follow rule 93's mandate waive any right to complain about the matter on appeal." *Nootsie, Ltd. v. Williamson County Appraisal Dist.,* 925 S.W.2d 659, 662 (Tex.1996).

██ "Civil suits may be maintained only by or against parties having an actual or legal existence." *Bailey v. Vanscot Concrete Co.,* 894 S.W.2d 757, 759 (Tex. 1995). If a legal representative makes a general appearance in that capacity, the judgment is treated as if it were against the legal entity, even if the latter is never named. *See Werner,* 909 S.W.2d at 870; *Henson v. Estate of Crow,* 734 S.W.2d 648, 649 (Tex.1987).

Here, the Trust answered discovery "by and through its trustee, Raymond Malooly." Malooly was deposed, and he testified at trial. By failing to raise a timely objection to capacity, he waived any objection that judgment had to be rendered against the Trust, rather than himself as trustee.

The remaining points in the Trust's petition do not demonstrate that the court of

a whole and interpreting it to give effect to all

appeals committed any other error of law. TEX. GOV'T CODE § 22.001. Accordingly, the petition for review is denied.

and not just isolated portions).