Opinion filed June 10,
2010

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-09-00161-CV

                                                    __________

 

                                 TERESA
WAY ET AL, Appellants

 

                                                             V.

 

                                    TOMMY
W. HOUSE, Appellee



 

                                   On
Appeal from the 266th District Court

 

                                                            Erath
County, Texas

 

                                                   Trial
Court Cause No. CV29289

 



 

O P I N I O N

This
is a declaratory judgment proceeding.  The trial court found that a trust, as
amended, was valid, that Tommy W. House was the current trustee, and that he
was entitled to distribute the trust’s corpus in accordance with its terms.  We
affirm.

I.  Background Facts

Richard
H. Gilbert and A. Deloris Gilbert created the Gilbert Family Revocable Living
Trust.  Deloris passed away, and Richard subsequently amended the Trust twice. 
The second amendment named House the successor trustee.  Richard died in 2007. 
House filed this declaratory judgment proceeding seeking a determination of the
Trust’s validity and his authority as trustee.

Teresa
Way, Charlene Gorrell, Karen Gilbert, and Christopher Lynn Gilbert are
Richard’s daughters and grandson from a prior marriage.  They were named as
parties, and they filed a general denial.  On the day of trial, their attorney
filed a motion for nonsuit and a plea in intervention on behalf of the Trust.[1] 
The plea contended that House had been removed as trustee, and the motion for
nonsuit requested the dismissal of House’s declaratory judgment proceeding. The
trial court denied the motion for nonsuit, conducted a bench trial, and entered
a declaratory judgment.  The court found that Richard had properly amended the
trust instrument, that House became the successor trustee when Richard died,
that House was the qualified and current trustee, and that House was authorized
to conclude the Trust’s affairs and to distribute its assets.

II.  Issues Presented

Appellants[2]
challenge the trial court’s judgment with two issues.  Appellants contend first
that the trial court erred by denying the motion for nonsuit without a hearing
and second that it erred by entering a final judgment.

III.  Nonsuit

The
Trust’s motion for nonsuit asked the trial court to “enter a non-suit against
Tommy W. House, without prejudice to refile same with costs of suit taxed
against Applicant Tommy W. House.”  The trial court denied the motion without
specifying the reason for its decision.  The text of appellants’ first issue
raises a procedural challenge, contending that the trial court erred by denying
their motion without holding a hearing, but the body of their brief complains
about the trial court’s substantive ruling.[3] 
In the interest of justice, we will address both complaints.

Appellants
have not preserved their procedural challenge.  The Trust did not request a
hearing in its motion, there is nothing in the record indicating that the Trust
or any other appellant otherwise requested a hearing or complained about the
lack of one, and appellants made no offer of proof to establish what evidence
the Trust would have offered at a hearing.  See In re L.M.I., 119 S.W.3d
707, 711 (Tex. 2003) (to preserve issue for appellate review, including
constitutional error, party must present to trial court a timely request,
motion, or objection; state the specific grounds therefor; and obtain a ruling);
see also In re J.(B.B.) M., 955 S.W.2d 405, 410 (Tex. App.—San Antonio
1997, no pet.) (party failed to preserve error by failing to object to the
premature conclusion of the trial or by making an offer of proof).

Even
if appellants have preserved their procedural issue, they have failed to show
any substantive error.  We generally review procedural and trial management
determinations under an abuse of discretion standard.  In re Doe, 19
S.W.3d 249, 253 (Tex. 2000).  To establish an abuse of discretion, appellants
must attack all independent bases or grounds that fully support the trial
court’s ruling.  Britton v. Tex. Dep’t of Crim. Justice, 95 S.W.3d 676,
681 (Tex. App.—Houston [1st Dist.] 2002, no pet.). 

Appellants
assume that the trial court denied the motion for nonsuit because it found that
the Trust lacked standing.  The record does not indicate whether the trial
court addressed the Trust’s standing, and we need not do so ourselves because
the trial court’s ruling can be supported on two other independent grounds. 
First, Tex. R. Civ. P. 162 allows
a party to nonsuit its own cause of action; it does not authorize dismissing
another party’s claims.  See Tex. Mut. Ins. Co. v. Ledbetter, 251 S.W.3d
31, 37 (Tex. 2008) (parties have an absolute right to nonsuit their own claims,
but not someone else’s claims they are trying to avoid).  Second, the Trust
lacked capacity.  See Ray Malooly Trust v. Juhl, 186 S.W.3d 568,
570 (Tex. 2006) (the term “trust” does not refer to a separate legal entity but
to the fiduciary relationship governing the trustee with respect to the trust
property).  Because a trust does not have capacity, any suits involving the
trust must be brought by or against the trustee.  Id.  

The
trial court could have appropriately concluded that the Trust’s motion was not
authorized by Rule 162 or that the Trust lacked capacity.  Therefore, the trial
court did not abuse its discretion by denying the motion for nonsuit.  Issue
One is overruled.

IV.
 Final Judgment

Appellants
next complain that the trial court erred by entering a final judgment because
it failed to address the Trust’s plea in intervention.  As noted above, the
Trust lacks capacity.  Accordingly, the trial court did not err by denying the Trust
any affirmative relief.  Furthermore, appellants can show no harm because the record
does not establish that they were prevented from litigating House’s current
authority to act as trustee.  

House
requested a declaratory judgment that he was the trustee and was entitled to
distribute the Trust’s corpus in accordance with the trust instrument’s terms. 
The Trust’s plea in intervention challenged his ability to do so, contending
that the adult beneficiaries had removed him as trustee.  Each of the
appellants was a beneficiary and a party.  If any beneficiary contended that
House was no longer the trustee, this would constitute a compulsory
counterclaim and the individual appellants were required to assert it in this
action.[4] 
See Ingersoll-Rand Co. v. Valero Energy Corp., 997 S.W.2d 203, 207 (Tex.
1999) (a party’s failure to assert a compulsory counterclaim precludes that
party from asserting it in later lawsuits).

The
record indicates that this case had been set for trial at least four times and
that no motion for continuance was filed prior to the last trial setting.  Appellants
may have assumed that the Trust’s plea in intervention would result in a
further delay, but this does not establish that the trial court erred by
proceeding with the trial setting.  Appellants contend that the trial court
failed to consider, rule upon, or receive any evidence regarding House’s
removal.  Ordinarily, appellants would need a reporter’s record – which was not
requested – and an offer of proof to preserve this issue.[5]
 We can, however, address appellants’ contention because House has provided
this court with a limited reporter’s record that confirms appellants were able
to introduce evidence of House’s purported removal.  The parties stipulated to
the admissibility of several exhibits, including a letter from Way to House
advising him that he had been removed as trustee.  House’s current authority
was, therefore, before the trial court.  

Because
the Trust lacked capacity to participate as a party and because appellants have
shown no harm, Issue Two is overruled.

V.  Conclusion

The
judgment of the trial court is affirmed.

 

                                                                                    

RICK
STRANGE

                                                                                    JUSTICE

 

June 10, 2010

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









[1]Appellants have represented to this court that these
pleadings were filed under the authority of Way as the newly elected trustee.  The
pleadings themselves were filed in the name of the Trust and not in Way’s name
as substitute trustee.  We note this distinction for purposes of our capacity
discussion in Sections III and IV of this opinion.

 





[2]The notice of appeal was filed on behalf of Teresa Way,
Charlene Gorrell, Christopher Lynn Gilbert, Karen Gilbert, and the Gilbert Family
Revocable Living Trust.

 





[3]Appellants’ first issue reads:  “Whether the trial
court erred by denying Intervenor’s Motion for Non-Suit without a hearing of
any kind whatsoever.” 





[4]See Tex. R. Civ. P. 97(a).  A claim
is compulsory if it arises out of the transaction or occurrence that gives rise
to the opposing party’s claim, is mature and owned by the counterclaimant, is
against an opposing party in the same capacity, does not require third parties
who cannot be brought into the suit, is within the court’s jurisdiction, and is
not pending elsewhere.  Wyatt v. Shaw Plumbing Co., 760 S.W.2d 245, 247
(Tex. 1988).

 





[5]To preserve error, the record must show that appellant
made a timely request, objection, or motion and that the trial court ruled on
it.  Tex. R. App. P. 33.1. 
Without an offer of proof, reviewing courts cannot determine whether the
exclusion of evidence was harmful.  Bobbora v. Unitrin Ins. Servs., 255
S.W.3d 331, 335 (Tex. App.—Dallas 2008, no pet.).