**Opinion filed June 10, 2010**



In The

# Eleventh Court of Appeals

_____

## No. 11-09-00161-CV

_____

## TERESA WAY ET AL, Appellants

## V.

## TOMMY W. HOUSE, Appellee

**On Appeal from the 266th District Court**

**Erath County, Texas**

**Trial Court Cause No. CV29289**

### O P I N I O N

This is a declaratory judgment proceeding. The trial court found that a trust, as amended, was valid, that Tommy W. House was the current trustee, and that he was entitled to distribute the trust's corpus in accordance with its terms. We affirm.

### I. *Background Facts*

Richard H. Gilbert and A. Deloris Gilbert created the Gilbert Family Revocable Living Trust. Deloris passed away, and Richard subsequently amended the Trust twice. The second amendment named House the successor trustee. Richard died in 2007. House filed this

declaratory judgment proceeding seeking a determination of the Trust's validity and his authority as trustee.

Teresa Way, Charlene Gorrell, Karen Gilbert, and Christopher Lynn Gilbert are Richard's daughters and grandson from a prior marriage. They were named as parties, and they filed a general denial. On the day of trial, their attorney filed a motion for nonsuit and a plea in intervention on behalf of the Trust.[1] The plea contended that House had been removed as trustee, and the motion for nonsuit requested the dismissal of House's declaratory judgment proceeding. The trial court denied the motion for nonsuit, conducted a bench trial, and entered a declaratory judgment. The court found that Richard had properly amended the trust instrument, that House became the successor trustee when Richard died, that House was the qualified and current trustee, and that House was authorized to conclude the Trust's affairs and to distribute its assets.

## II. *Issues Presented*

Appellants[2] challenge the trial court's judgment with two issues. Appellants contend first that the trial court erred by denying the motion for nonsuit without a hearing and second that it erred by entering a final judgment.

## III. *Nonsuit*

The Trust's motion for nonsuit asked the trial court to "enter a non-suit against Tommy W. House, without prejudice to refile same with costs of suit taxed against Applicant Tommy W. House." The trial court denied the motion without specifying the reason for its decision. The text of appellants' first issue raises a procedural challenge, contending that the trial court erred by denying their motion without holding a hearing, but the body of their brief complains about the trial court's substantive ruling.[3] In the interest of justice, we will address both complaints.

---

[1] Appellants have represented to this court that these pleadings were filed under the authority of Way as the newly elected trustee. The pleadings themselves were filed in the name of the Trust and not in Way's name as substitute trustee. We note this distinction for purposes of our capacity discussion in Sections III and IV of this opinion.

[2] The notice of appeal was filed on behalf of Teresa Way, Charlene Gorrell, Christopher Lynn Gilbert, Karen Gilbert, and the Gilbert Family Revocable Living Trust.

[3] Appellants' first issue reads: "Whether the trial court erred by denying Intervenor's Motion for Non-Suit without a hearing of any kind whatsoever."

2

Appellants have not preserved their procedural challenge. The Trust did not request a hearing in its motion, there is nothing in the record indicating that the Trust or any other appellant otherwise requested a hearing or complained about the lack of one, and appellants made no offer of proof to establish what evidence the Trust would have offered at a hearing. *See In re L.M.I.*, 119 S.W.3d 707, 711 (Tex. 2003) (to preserve issue for appellate review, including constitutional error, party must present to trial court a timely request, motion, or objection; state the specific grounds therefor; and obtain a ruling); *see also In re J.(B.B.) M.*, 955 S.W.2d 405, 410 (Tex. App.—San Antonio 1997, no pet.) (party failed to preserve error by failing to object to the premature conclusion of the trial or by making an offer of proof).

Even if appellants have preserved their procedural issue, they have failed to show any substantive error. We generally review procedural and trial management determinations under an abuse of discretion standard. *In re Doe*, 19 S.W.3d 249, 253 (Tex. 2000). To establish an abuse of discretion, appellants must attack all independent bases or grounds that fully support the trial court's ruling. *Britton v. Tex. Dep't of Crim. Justice*, 95 S.W.3d 676, 681 (Tex. App.—Houston [1st Dist.] 2002, no pet.).

Appellants assume that the trial court denied the motion for nonsuit because it found that the Trust lacked standing. The record does not indicate whether the trial court addressed the Trust's standing, and we need not do so ourselves because the trial court's ruling can be supported on two other independent grounds. First, TEX. R. CIV. P. 162 allows a party to nonsuit its own cause of action; it does not authorize dismissing another party's claims. *See Tex. Mut. Ins. Co. v. Ledbetter*, 251 S.W.3d 31, 37 (Tex. 2008) (parties have an absolute right to nonsuit their own claims, but not someone else's claims they are trying to avoid). Second, the Trust lacked capacity. *See Ray Malooly Trust v. Juhl*, 186 S.W.3d 568, 570 (Tex. 2006) (the term "trust" does not refer to a separate legal entity but to the fiduciary relationship governing the trustee with respect to the trust property). Because a trust does not have capacity, any suits involving the trust must be brought by or against the trustee. *Id.*

The trial court could have appropriately concluded that the Trust's motion was not authorized by Rule 162 or that the Trust lacked capacity. Therefore, the trial court did not abuse its discretion by denying the motion for nonsuit. Issue One is overruled.

3

IV. *Final Judgment*

Appellants next complain that the trial court erred by entering a final judgment because it failed to address the Trust's plea in intervention. As noted above, the Trust lacks capacity. Accordingly, the trial court did not err by denying the Trust any affirmative relief. Furthermore, appellants can show no harm because the record does not establish that they were prevented from litigating House's current authority to act as trustee.

House requested a declaratory judgment that he was the trustee and was entitled to distribute the Trust's corpus in accordance with the trust instrument's terms. The Trust's plea in intervention challenged his ability to do so, contending that the adult beneficiaries had removed him as trustee. Each of the appellants was a beneficiary and a party. If any beneficiary contended that House was no longer the trustee, this would constitute a compulsory counterclaim and the individual appellants were required to assert it in this action.[4] *See Ingersoll-Rand Co. v. Valero Energy Corp.*, 997 S.W.2d 203, 207 (Tex. 1999) (a party's failure to assert a compulsory counterclaim precludes that party from asserting it in later lawsuits).

The record indicates that this case had been set for trial at least four times and that no motion for continuance was filed prior to the last trial setting. Appellants may have assumed that the Trust's plea in intervention would result in a further delay, but this does not establish that the trial court erred by proceeding with the trial setting. Appellants contend that the trial court failed to consider, rule upon, or receive any evidence regarding House's removal. Ordinarily, appellants would need a reporter's record – which was not requested – and an offer of proof to preserve this issue.[5] We can, however, address appellants' contention because House has provided this court with a limited reporter's record that confirms appellants were able to introduce evidence of House's purported removal. The parties stipulated to the admissibility of

---

[4]*See* TEX. R. CIV. P. 97(a). A claim is compulsory if it arises out of the transaction or occurrence that gives rise to the opposing party's claim, is mature and owned by the counterclaimant, is against an opposing party in the same capacity, does not require third parties who cannot be brought into the suit, is within the court's jurisdiction, and is not pending elsewhere. *Wyatt v. Shaw Plumbing Co.*, 760 S.W.2d 245, 247 (Tex. 1988).

[5]To preserve error, the record must show that appellant made a timely request, objection, or motion and that the trial court ruled on it. TEX. R. APP. P. 33.1. Without an offer of proof, reviewing courts cannot determine whether the exclusion of evidence was harmful. *Bobbora v. Unitrin Ins. Servs.*, 255 S.W.3d 331, 335 (Tex. App.—Dallas 2008, no pet.).

several exhibits, including a letter from Way to House advising him that he had been removed as trustee. House's current authority was, therefore, before the trial court.

Because the Trust lacked capacity to participate as a party and because appellants have shown no harm, Issue Two is overruled.

V. *Conclusion*

The judgment of the trial court is affirmed.

RICK STRANGE

JUSTICE

June 10, 2010

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.

5