

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00130-CV

Palmira P. **CUELLAR** and Ramiro Cuellar,
Appellants

v.

**CVI LCF MORTGAGE LOAN TRUST I**,
Appellee

From the County Court, Duval County, Texas
Trial Court No. 18-C-1574
Honorable Ricardo O. Carrillo, Judge Presiding

Opinion by: Patricia O. Alvarez, Justice

Sitting: Patricia O. Alvarez, Justice
Irene Rios, Justice
Beth Watkins, Justice

Delivered and Filed: October 23, 2019

AFFIRMED

Following a forcible detainer action, appellants Palmira C. Cuellar and Ramiro Cuellar appeal from the trial court's judgment in favor of appellee CVI LCF Mortgage Loan Trust I (the Trust). On appeal, the Cuellars raise twelve granular points of error which they aggregate into two issues: whether the trial court erred (1) by rendering judgment for the Trust because it lacked standing or capacity to sue, and (2) by failing to file findings of fact and conclusions of law. We affirm the trial court's judgment.

BACKGROUND

The Cuellars owned certain residential property in Duval County, Texas (the Property), secured by a deed of trust. After the Cuellars defaulted on the note, the Trust purchased the Property at a foreclosure sale. The Trust demanded the Cuellars vacate the Property. When the Cuellars failed to vacate, the Trust filed a forcible detainer action in the justice court.

The justice court rendered judgment for the Trust and awarded possession of the property to the Trust. The Cuellars appealed to the county court for a trial de novo. In their unverified answer, the Cuellars denied the Trust had authority to prosecute the suit. In response, the Trust filed a supplemental petition in which it named U.S. Bank Trust National Association, in its capacity as trustee of the Trust, as an additional prosecuting party.

After a bench trial, the trial court rendered a final judgment in favor of the "Plaintiff," awarding possession of the Property to the "Plaintiff." The Cuellars filed a timely request for findings of fact and conclusions of law. *See* TEX. R. CIV. P. 296. When no findings and conclusions were filed, the Cuellars timely filed a notice of past due findings of fact and conclusions of law. *See id.* R. 297. The trial court failed to file the requested findings and conclusions, and the Cuellars appeal.

DISCUSSION

In their first issue, the Cuellars assert the trial court erred in rendering judgment for the Trust because the Trust lacked standing or capacity to prosecute the forcible detainer action. We begin with standing.

A. **Trust's Standing to Prosecute Forcible Detainer**

"A plaintiff has *standing* when it is personally aggrieved, regardless of whether it is acting with legal authority." *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 848–49 (Tex. 2005)

(quoting *Nootsie, Ltd. v. Williamson Cty. Appraisal Dist.*, 925 S.W.2d 659, 661 (Tex. 1996)); *see Estate of Matthews*, 510 S.W.3d 106, 113 (Tex. App.—San Antonio 2017, pet. denied).

In the trial de novo in the county court, the Cuellars' original answer denied that the Trust had "the authority to prosecute [the] suit." On appeal, they assert that standing is a component of subject matter jurisdiction and cannot be waived. *See Lovato*, 171 S.W.3d at 849; *Matthews*, 510 S.W.3d at 113. They then argue—presumably to challenge the Trust's standing—that the Trust failed to prove it was a statutory trust, but their argument fails for at least two reasons.

First, in its first supplemental petition filed in the county court before the trial de novo, the Trust identified U.S. Bank Trust N.A. as the trustee for the Trust, and as a plaintiff in the suit. *See Sixth RMA Partners, L.P. v. Sibley*, 111 S.W.3d 46, 54 (Tex. 2003) (recognizing that "a party's correct legal name may be substituted by a supplemental pleading if the facts raised in the supplemental pleading are included as a response to the last preceding pleading by the other party"); *Intercity Invs. Co. v. Plowman*, 542 S.W.2d 260, 263 (Tex. App.—Fort Worth 1976, no writ) ("If the necessity for thus adding a new party, or for pleading that a prior party is not a corporation, but is a limited partnership, grows out of the facts pled in defendant's answer, then new parties may be brought into the suit by supplemental petition."). The Trust's supplemental petition added its trustee as a party in response to the Cuellars' answer in the county court; this was not error. *See Sixth RMA Partners*, 111 S.W.3d at 54; *Plowman*, 542 S.W.2d at 263.

Second, "[a] statutory trust is a juridical entity, separate from its trustee and beneficial owners, that may sue and be sued, own property, and transact business in its own name." TEX. BUS. & COM. CODE ANN. § 9.102; *Foster v. Nat'l Collegiate Student Loan Tr. 2007-4*, No. 01-17-00253-CV, 2018 WL 1095760, at *1 n.1 (Tex. App.—Houston [1st Dist.] Mar. 1, 2018, no pet.) (mem. op.); *accord Savoy v. Nat'l Collegiate Student Loan Tr. 2005-3*, 557 S.W.3d 825, 830 n.3 (Tex. App.—Houston [1st Dist.] 2018, no pet.); *Mock v. Nat'l Collegiate Student Loan Tr. 2007-*

*4*, No. 01-17-00216-CV, 2018 WL 3352913, at *1 (Tex. App.—Houston [1st Dist.] July 10, 2018, no pet.) (mem. op.). The Trust sued the Cuellars in the justice court in its own name, and the Cuellars provide no authorities to show how the Trust lacked standing to do so. *Cf.* TEX. BUS. & COM. CODE ANN. § 9.102; *Savoy*, 557 S.W.3d at 830 n.3 (recognizing a statutory trust may sue in its own name).

**B.      Trust's Capacity to Prosecute Forcible Detainer**

The Cuellars also challenged the Trust's capacity to bring the suit.

Capacity refers to a plaintiff's legal authority to act, and a challenge to capacity can be waived. *See Lovato*, 171 S.W.3d at 848–49; *Matthews*, 510 S.W.3d at 113–14. A challenge to the authority of a trust to sue or be sued in its own name—as opposed to the name of the trustee—is one relating to capacity. *Ray Malooly Tr. v. Juhl*, 186 S.W.3d 568, 571 (Tex. 2006) (per curiam) (citing TEX. R. CIV. P. 93(1)). A party waives its defense that the plaintiff lacks capacity to sue if it fails to timely file a verified pleading challenging the plaintiff's capacity to sue. *Id.* As *Juhl* emphasized, "[p]arties who do not follow rule 93's mandate waive any right to complain about the matter on appeal." *Id.* (quoting *Nootsie*, 925 S.W.2d at 662); *see Duradril, L.L.C. v. Dynomax Drilling Tools, Inc.*, 516 S.W.3d 147, 157 (Tex. App.—Houston [14th Dist.] 2017, no pet.); *Cognata v. Down Hole Injection, Inc.*, 375 S.W.3d 370, 376 (Tex. App.—Houston [14th Dist.] 2012, pet. denied). Rule 93(1) requires that a pleading alleging "[t]hat the plaintiff has not legal capacity to sue" is a pleading that "shall be verified by affidavit" unless the lack of capacity appears of record. TEX. R. CIV. P. 93(1); *see Matthews*, 510 S.W.3d at 113.

Here, the Trust contends the Cuellars waived their right to challenge its capacity to bring the underlying detainer action by failing to file a verified pleading. *See* TEX. R. CIV. P. 93(1); *Cognata*, 375 S.W.3d at 376. We agree. The record establishes that the Cuellars failed to verify

the pleading alleging the Trust lacked capacity to file suit against them. Accordingly, the Cuellars waived their right to challenge the Trust's capacity to bring suit. *See Juhl*, 186 S.W.3d at 571.

**C.      Trial Court's Failure to File Findings of Fact and Conclusions of Law**

The Cuellars argue they are entitled to a reversal and remand of this matter because the trial court failed to file findings of fact and conclusions of law. We disagree.

"In any case tried in the district or county court without a jury, any party may request the court to state in writing its findings of fact and conclusions of law." TEX. R. CIV. P. 296; *Ad Villarai, LLC v. Chan Il Pak*, 519 S.W.3d 132, 135 (Tex. 2017). A request must be filed within twenty days of the judgment. TEX. R. CIV. P. 296; *Ad Villarai*, 519 S.W.3d at 135. If a request is timely filed, the trial court must make written findings and conclusions. TEX. R. CIV. P. 297; *Ad Villarai*, 519 S.W.3d at 135. If the trial court fails to file timely findings and conclusions, the requesting party must, within thirty day of filing the original request, file a notice of past due findings and conclusions, which will extend the trial court's deadline to forty days from the date of the original request. TEX. R. CIV. P. 297; *Ad Villarai*, 519 S.W.3d at 135.

The Cuellars complied with the rules, *see* TEX. R. CIV. P. 296, 297, but the trial court erred because it failed to file findings of fact and conclusions of law as required, *see Ad Villarai*, 519 S.W.3d at 135. However, we must determine whether the trial court's omission was harmful. *See Cherne Indus., Inc. v. Magallanes*, 763 S.W.2d 768, 772 (Tex. 1989); *Lincoln Bank & Tr. Co. v. Webb*, 620 S.W.2d 174, 178 (Tex. App.—San Antonio 1981, no writ).

"Because the trial court's duty to file findings and conclusions is mandatory, the failure to respond when all requests have been properly made is presumed harmful, unless 'the record before [the] appellate court affirmatively shows that the complaining party has suffered no injury.'" *Cherne Indus.*, 763 S.W.2d at 772 (quoting *Wagner v. Riske*, 178 S.W.2d 117, 120 (Tex. 1944)).

But "[a] trial court's failure to file findings of fact or conclusions of law or both is not reversible error absent an injury shown to have been incurred by the appellant." *Webb*, 620 S.W.2d at 178.

Here, the only substantive appellate issues presented by the Cuellars relate to the Trust's standing and capacity to bring suit. The Trust properly added its trustee as a plaintiff, *see Plowman*, 542 S.W.2d at 263, the Trust had standing to sue in its own name, *see Savoy*, 557 S.W.3d at 830 n.3, and the record affirmatively shows the Cuellars failed to verify the pleading challenging the Trust's capacity to bring suit. *See* TEX. R. CIV. P. 93(1); *Juhl*, 186 S.W.3d at 571. We conclude the Cuellars suffered no injury and the trial court's failure to file findings of fact and conclusions of law was harmless. *See Cherne Indus.*, 763 S.W.2d at 772

## CONCLUSION

For the reasons given above, we overrule the Cuellars' issues regarding the Trust's standing and capacity to bring the underlying suit. Because the Cuellars' substantive appellate complaints fail, the trial court's failure to file findings and conclusions is harmless error. Accordingly, we affirm the trial court's judgment.

Patricia O. Alvarez, Justice