**AFFIRMED and Opinion Filed September 22, 2022**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-21-00307-CV

**THIEN AN VO, Appellant**
**V.**
**HARRIS COUNTY COMMISSIONERS COURT AND HCTRA**
**COLLECTION AGENCY, Appellees**

**On Appeal from the 133rd District Court**
**Harris County, Texas**
**Trial Court Cause No. 2020-72816**

## MEMORANDUM OPINION

Before Justices Myers, Pedersen, III, and Garcia
Opinion by Justice Garcia

Thien An Vo, pro se, appeals the trial court's order granting Harris County

Commissioners Court ("HCC") and HCTRA Collection Agency's ("HCTRA")

pleas to the jurisdiction.[1] Concluding Vo's arguments are without merit, we affirm

the trial court's orders.

---

[1] Pursuant to its docket equalization authority, the Supreme Court of Texas transferred the appeal from the Court of Appeals for the First District of Texas to this Court. *See* TEX. GOV'T CODE § 73.001 (authorizing transfer of cases). Because this is a transfer case, we apply the precedent of the First Court of Appeals to the extent it differs from our own. *See* TEX. R. APP. P. 41.3.

## I. Background

This is Vo's fifth lawsuit arising out the assessment of unpaid toll violation fees she incurred from September 2015 to June 2016. In this suit, Vo sued HCC alleging that the Harris County Toll Road Authority's ("HCTA") administrative procedure violated her constitutional rights, and HCC breached a governmental fiduciary duty to select, control, and supervise the HCTA. Vo requested damages resulting from toll fees she is required to pay and declaratory relief. Vo also identified HCTRA, HCTA, and HCTRA's counsel as defendants.[2]

HCC and HCTRA answered and filed a plea to the jurisdiction and motion to dismiss. The trial court granted the pleas to the jurisdiction and dismissed all parties and Vo's suit. This appeal followed.

## II. Analysis

A civil litigant has the right to represent himself at trial and on appeal. *See Bolling v. Farmers Branch Indep. Sch. Dist.*, 315 S.W.3d 893, 895 (Tex. App.—Dallas 2010, no pet.). The right of self-representation on appeal carries with it the duty to adhere to the rules of appellate procedure. *See id*. Pro se appellants are held to the same standard as licensed attorneys. *See Hopes-Fontenot v. Farmers New World Life Ins. Co.*, No. 01-12-00286-CV, 2013 WL 4399218, at *1 (Tex. App.—Houston [1st Dist.] Aug. 15, 2013, no pet.) (mem. op.) (pro se litigant must properly

---

[2] HCTA and HCTRA's counsel were never served and are not parties to this suit.

present his case on appeal; we "may not make allowances or apply different standards for litigants appearing without . . . counsel.").

Our rules of appellate procedure have specific requirements for the contents of all briefs accepted by the courts. *See* TEX. R. APP. P. 38. Among other requirements, the rules require appellants to state concisely their complaints; provide understandable, succinct, and clear argument showing why their complaints are meritorious in fact and in law; cite and apply applicable law; and provide appropriate references to the record. *See* TEX. R. APP. P. 38.1(f-i); *Bolling*, 315 S.W.3d at 895. "This is not done by merely uttering brief conclusory statements, unsupported by legal citations." *Tesoro Petroleum Corp. v. Nabors Drilling USA, Inc.*, 106 S.W.3d 118, 128 (Tex. App.—Houston [1st Dist.] 2002, pet. denied). When determining whether a particular brief is deficient, we do not adhere to rigid rules, but rather examine the brief for compliance with the rules of appellate procedure. *See Bolling*, 315 S.W.3d at 895. Only after receiving adequate briefing may we review the merits of the appeal. *Id.*; *see also Abdelnour v. Mid Nat'l Holdings, Inc.*, 190 S.W.3d 237, 241 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (holding appellant waived issue because appellant's brief did not contain any citations to relevant authorities or to appellate record for that issue). We have no duty—or even right—to perform an independent review of the record to determine whether there was error. *Reid v. Worede*, No. 01-18-01010-CV, 2020 WL 3393074, at *1 (Tex. App.—Houston [1st

Dist.] June 18, 2020, no pet.) (mem. op.) (noting appellate court's role as neutral adjudicator prevents it from performing independent review of record).

Applying these standards to Vo's appellate brief, we conclude that Vo fails to articulate a clear legal issue to be decided or, to the extent we can discern a cognizable issue, to make understandable arguments in support of her position. Many of the arguments presented by Vo do not pertain to issues in this lawsuit, address the orders from which she appeals, or identify the correct parties to this appeal. Moreover, Vo fails to cite controlling legal principles or authority or reference the relevant portions of the record. Accordingly, we will decide the issues before us to the extent we can discern them; any issues not specifically addressed are considered waived. *See Caldwell v. Garfutt*, No. 03-14-00019-CV, 2016 WL 105920 at *2, (Tex. App.—Austin Jan. 7, 2016, pet. denied) (mem. op.) (addressing "issues [raised by pro se appellant] as best as we can"); *see also Trenholm v. Ratcliff*, 646 S.W.2d 927, 934 (Tex. 1983) ("Points of error must be supported by argument and authorities, and if not so supported, the points are waived.").

In this context, we construe Vo's arguments as a challenge to the trial court's order granting the pleas to the jurisdiction. As discussed below, nothing in the record establishes that the order was in error.

## A. HCC

HCC argues that Vo did not plead facts or otherwise establish a waiver of HCC's immunity from suit. We agree.

The common law doctrine of governmental immunity protects political subdivisions of the state from suit when they perform governmental functions. *See Harris Cnty. v. Sykes,* 136 S.W.3d 635, 638 (Tex. 2004). Governmental units may be sued only when the legislature has waived the unit's immunity in clear language. *See* TEX. GOV'T CODE ANN. § 311.034; *Tex. Parks & Wildlife Dep't v. Sawyer Tr*., 354 S.W.3d 384, 388 (Tex. 2011).

If a government defendant is immune from suit, the trial court has no subject matter jurisdiction to hear the case against it, and the defendant may properly challenge the suit in a plea to the jurisdiction. *See Tex. Dep't of Parks and Wildlife v. Miranda*, 133 S.W.3d 217, 225–26. We review jurisdictional questions like these de novo. *See State v. Holland*, 221 S.W.3d 639, 642 (Tex. 2007).

A plaintiff bears the burden of establishing a waiver of immunity under the TTCA. *See Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 542 (Tex. 2003). A governmental unit challenging whether a claimant has met this burden may, by a plea to the jurisdiction, contest the pleadings, the existence of jurisdictional facts, or both. *Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 770 (Tex. 2018). If a plea challenges the pleadings, we determine if the pleader has alleged facts that "affirmatively demonstrate the court's jurisdiction to hear the cause." *Miranda*, 133 S.W.3d at 226. We construe the pleadings liberally in favor of the plaintiff, look to the pleader's intent, and accept as true the unchallenged factual jurisdictional allegations in the pleadings. *Buzbee v. Clear Channel Outdoor, LLC*, 616 S.W.3d

14, 23 (Tex. App.—Houston [14th Dist.] 2020, no pet.) (*citing Miranda*, 133 S.W.3d at 226).

Here, neither Vo's pleadings or her arguments on appeal allege or identify facts to waiver of HCC's immunity. *See* TEX. CIV. PRAC. & REM. CODE ANN. §101.021(2). Moreover, although the Uniform Declaratory Judgment Act includes a waiver of governmental immunity from suit, that waiver is limited to claims challenging the validity of ordinances and statutes. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 37.006 (b); *City of Dallas v. Turley*, 316 S.W.3d 762, 768 (Tex. App.—Dallas 2010, pet. denied). There is no such challenge here.

Finally, to the extent that Vo's arguments can be interpreted to assert the trial court should have exercised constitutional supervisory jurisdiction, those arguments also fail. *See In re El Paso Cnty. Comm'rs Court*, 281 S.W.3d 16, 24 (Tex. App.—El Paso 2005, orig. proceeding) (noting party may invoke a district court's constitutional supervisory control over commissioners' court in limited circumstances); *see also Hobbs v. Gattis,* No. 01-19-00025-CV, 2020 WL 6065439, at *3 (Tex. App.—Houston [1st Dist.], no pet.) (mem. op.) (commissioners court subject to certain review powers of district court). In the present case, Vo fails to identify a legitimate constitutional injury or facts to establish that the commissioners court acted beyond its jurisdiction or abused its discretion. *See Comm'rs Court of Titus Cnty. v. Agan*, 940 S.W.2d 77, 79 (Tex. 1997). Accordingly, on this record, the trial court did not err in granting HCC's plea to the jurisdiction.

**B.     HCTRA**

HCTRA's plea to the jurisdiction asserted that the case against it should be dismissed because it is not a legal entity capable of being sued. "Civil suits may be maintained only by or against parties having an actual or legal existence." *Bailey v. Vanscot Concrete Co.*, 894 S.W.2d 757, 759 (Tex. 1995), *disapproved on other grounds*, *Chilkewitz v. Hyson*, 22 S.W.3d 825 (Tex. 1999); *Ray Malooly Trust v. Juhl,* 186 S.W.3d 568, 571 (Tex. 2006). A jurisdictional challenge concerning a party's capacity to be sued may be asserted in a plea to the jurisdiction. *See Delgado v. River Oaks Police Department*, No. 02-15-00205-CV, 2016 WL6900900, at *1 (Tex. App.—Fort Worth, Nov. 13, 2016, no pet.) (mem. op.).

Here, HCTRA's verified denial and the supporting documents attached to its plea to the jurisdiction reflect that HCTRA Collection Agency is not a legal entity or an assumed name, and no person or entity has registered with the Texas Secretary of State as HCTRA Collection Agency's agent for service of process. Because it is not a legal entity, HCTRA Collection Agency lacks the legal capacity to be sued, and the trial court properly granted HCTRA's plea to the jurisdiction and dismissed Vo's claims against it.

## III. Conclusion

Having resolved all of Vo's issues against her, we affirm the trial court's judgment.

/Dennise Garcia/
DENNISE GARCIA
JUSTICE

210307F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

THIEN AN VO, Appellant

No. 05-21-00307-CV  V.

HARRIS COUNTY
COMMISSIONERS COURT AND
HCTRA COLLECTION AGENCY,
Appellees

On Appeal from the 133rd District
Court, Harris County, Texas
Trial Court Cause No. 2020-72816.
Opinion delivered by Justice Garcia.
Justices Myers and Pedersen, III
participating.

In accordance with this Court's opinion of this date, the trial court's order is **AFFIRMED**.

It is **ORDERED** that appellee HARRIS COUNTY COMMISSIONERS COURT AND HCTRA COLLECTION AGENCY recover their costs of this appeal from appellant THIEN AN VO.

Judgment entered September 22, 2022.